**Kertes Enterprises, Inc.**
v.
**Planning Zoning Commission of Orange Village**
*[Cite as 5 AOA 158]*

*Case No. 58092*
*Cuyahoga County, (8th)*
*Decided July 5, 1990*

*Dale F. Kainski, Arter & Hadden, 1100 Huntington Building, Cleveland, Ohio 44115, for Plaintiff-Appellant.*

*Barry M. Byron, Byron & Ryan Co., L.P.A., 361 Euclid Avenue, Suite 330, Willoughby, Ohio 44094, for Defendant-Appellee.*

*Per Curiam.*

Kertes Enterprises is appealing the dismissal of its appeal to the trial court from the decision

rendered against it by the Planning and Zoning Commission of Orange Village. For the following reasons we reverse the judgment below and remand this case for further proceedings.

### Jurisdiction

On March 29, 1988, appellant filed its notice of appeal from the decision of appellee denying a development plan for an extended care facility. Appellant noted its appeal was taken pursuant to R.C. 2505.07.

On August 19, appellant moved for judgment for appellee's failure to timely file the administrative record in accordance with R.C. 2505.08. Appellee responded and filed a cross-motion ford dismissal for appellant's failure to file a praecipe as required by R.C. 2506.02. On December 12, 1988, the court denied appellant's motion, granted appellee's motion per R.C. 2506.02 and dismissed appellant's appeal.

On May 18, 1989, appellant filed a praecipe and moved for leave to file a reply brief. Appellee moved for dismissal and moved to strike appellant's praecipe. On June 21, the court filed the following entry:

"The Clerk's Office is hereby ordered to correct the date of this Court's Order entered 12-12-88 and to send notice the [*sic*] parties thereof, said order to be effective 6-19-89. Due to the failure of the Clerk's Office to send notice of original order, appeal rights from said order begin to run on the date of this entry. Final."

Appellant appealed on July 14, and on November 27, this court *sua sponte* ordered that the issue of whether a timely appeal was filed would be heard at oral argument.

The right to file an appeal is a property interest which may not be revoked absent due process of law. *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St. 3d 80 (Syl. 1), 523 N.E.2d 851. Therefore, within three days of the entry of any final appealable order, the clerk of court is required to serve notice of the entry of a final judgment and to "make a notation in the case docket indicating that the required service has been made." *Id.* (Syl. 2a., b.); *see also* Civ. R. 58(B). The record herein does not contain such notice for the December 12, 1988, entry. In fact, the trial court recognized the clerk's omission in its June 21, 1989, order when it stated that "[d]ue to the failure of the Clerk's Office to send notice of original order, appeal rights from said order begin to run on the date of this entry." To dismiss this appeal based on the December 12, 1988, order absent notice of service of the December 12 order, appellant would be denied its right to

appeal without due process of law. Therefore, we find appellant's appeal timely and now reach the merits of this case.

### Case on Appeal

Appellant's assigned errors, which will be addressed collectively, are as follows:

"I. WHETHER THE COURT OF COMMON PLEAS ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS AND IN RULING THAT APPELLANT WAS REQUIRED TO FILE A PRAECIPE FOR THE FILING OF THE RECORD OF APPEAL.

"II. WHETHER THE COURT OF COMMON PLEAS ERRED IN CONCLUDING SUB SILENTIO THAT THIS APPEAL IS GOVERNED BY CHAPTER 2506, OHIO REVISED CODE.

"III. WHETHER THE COURT OF COMMON PLEAS ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT AND IN RULING THAT APPELLEE WAS NOT REQUIRED TO FILE THE RECORD ON APPEAL."

Appellant contends the trial court erred in dismissing its appeal for failure to file a praecipe when R.C. 2505.08 does not require the filing of a praecipe. Appellee argues appellant's appeal is governed by Chapter 2506. R.C. 2506.02 requires a praecipe, and thus R.C. 2506.02 has modified R.C. 2505.08 so that a praecipe is required.

Chapter 2505 governs procedure on appeal. R.C. 2505.03(B) (with emphasis added) provides that *"[u]nless in the case of an administrative-related appeal,* Chapter 119. or *other sections of the Revised Code apply,* such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure." Thus, when other Revised Code sections exist which govern administrative appeals, those sections are to be given preferred application status over the general appellate procedure contained in Chapter 2505.

Administrative appeals are specifically governed by Chapter 2506 of the Revised Code. Since this chapter contains a section which governs the filing of a transcript in an administrative appeal, it will apply pursuant to R.C. 2505.03(B). R.C. 2506.02 requires the filing of a praecipe. So, even though R.C. 2505.08 does not require the filing of a praecipe, pursuant to R.C. 2505.03(B), a praecipe is necessary in administrative appeals because of the preference to be accorded R.C. 2506.02.

Accordingly, appellant's assignments of error are overruled.

In this case, however, appellant filed a praecipe, albeit untimely, pursuant to R.C. 2506.02. In keeping with Supreme Court of Ohio decisions requiring that cases be heard on the merits whenever possible, this court has held that the dismissal of an administrative appeal on procedural grounds absent a flagrant, substantial disregard for court processes and absent prejudice to the opposing party or the court constitutes an abuse of discretion. *A.G. & G. Co. v. Cuyahoga County Board of Revision* (1988), 47 Ohio App. 3d 117, 547 N.E.2d 403. Although appellant's praecipe was filed late, we find no prejudice to appellee or the court based on the record herein and no flagrant abuse of procedure since appellant had reason to believe no praecipe was necessary based upon R.C. 2505.08 and in fact raised this issue with the trial court. The trial court thus abused its discretion in dismissing this appeal on a procedural deficiency, which was corrected belatedly, absent irresponsible conduct and harm to the opposing side or court.

The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.

This cause is reversed and remanded for proceedings consistent with this opinion.

NAHRA, P.J., McMANAMON, J., WALKER, J.

Sitting by assignment, Judge Robert D. Walker, Retired, of the Hancock County Common Pleas Court.