NEAGUE et al., Appellants,

v.

**WORTHINGTON CITY SCHOOL DISTRICT, Appellee.**

[Cite as *Neague v. Worthington City School Dist.* (1997), 122 Ohio App.3d 433.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE12–1767.

Decided Aug. 19, 1997.

*John W. Leibold,* for appellant.

*Nicholas A. Pittner* and *Susan E. Geary,* for appellant.

———————

TYACK, Presiding Judge.

On May 12, 1995, an incident at Worthingway Middle School occurred between a student, Jonathan Neague, and the principal, Paul J. Cynkar, which resulted in Jonathan's being suspended. The operative facts are as follows: At the time of the incident, Jonathan was twelve years old and had been diagnosed as having Attention Deficit Hyperactive Disorder ("ADHD"). As a result of an earlier, unrelated incident involving Jonathan and another student, Jonathan had been given two "Saturday Schools." Jonathan's parents, Carol and John Neague, did not agree with this punishment and informed Mr. Cynkar by letter that this was unacceptable.

Upon receipt of the letter on Friday, May 12, 1995, Mr. Cynkar attempted to reach Jonathan's parents to discuss the ramifications of failure to attend Saturday School; however, he was unable to reach either parent. Mr. Cynkar then called Jonathan into his office during lunch period. Jonathan was unaware of the letter. Mr. Cynkar told Jonathan that he would be suspended if he did not attend Saturday School.

Jonathan then became very agitated and picked up the telephone to call his father. Mr. Cynkar told Jonathan that his father could not be reached and told him to sit down. According to Mr. Cynkar, Jonathan then thrust out his chest and butted Mr. Cynkar with his chest, pushing Mr. Cynkar backward. Jonathan denied physically attacking Mr. Cynkar.

Jonathan then told Mr. Cynkar that he did not have to listen to him and called Mr. Cynkar, according to Mr. Cynkar, a "fucking faggot." Jonathan testified that he called Mr. Cynkar a faggot. In response to this, Mr. Cynkar got out a tape recorder and said he was going to record Jonathan. Jonathan told Mr. Cynkar that nobody would tape him without his permission, walked over to Mr. Cynkar, and slapped the tape recorder out of Mr. Cynkar's hand, causing it to fall to the floor and break. Mr. Cynkar testified that he told Jonathan he could be expelled for such action and told Jonathan to sit down. Jonathan testified that Mr. Cynkar told him he was expelled and that he responded to Mr. Cynkar by saying "fuck you."

Mr. Cynkar then asked his secretary to come into the room. Jonathan went for the door, ducked under Mr. Cynkar's arm which was across the entrance and left the office. Mr. Cynkar told his secretary to call 911.

Jonathan went back to the cafeteria and sat down with his friends. The Worthington police responded and two officers went into the cafeteria. According to Jonathan, Mr. Cynkar asked him to get up and leave the cafeteria but he ignored Mr. Cynkar. The police then asked Jonathan to get up and he complied. Outside the cafeteria, Jonathan was handcufffed. Jonathan was taken by the police to Mr. Cynkar's office. After a few minutes, the handcuffs were removed. Jonathan's parents were eventually reached, and they came to the school.

As a result of these occurrences, Mr. Cynkar suspended Jonathan for ten days. The reasons given for the suspension were assault, damage to school property, and insubordination. The Neagues appealed the suspension to the Worthington Board of Education ("board"), and a hearing was held before Joe Borst, the board designee. In an order dated May 22, 1995, Mr. Borst modified the suspension from ten days to eight days.

On May 24, 1995, Jonathan, through his mother (hereinafter collectively referred to as "the Neagues"), appealed the board's order to the Franklin

County Court of Common Pleas. On July 5, 1995, the school district filed a motion to dismiss, contending that the Neagues failed to file a praecipe pursuant to R.C. 2506.02 and, therefore, the court lacked jurisdiction. On July 7, 1995, the Neagues filed a praecipe, requesting that the school district prepare and file the complete transcript of the proceedings below.

The Neagues filed a memorandum contra the school district's motion to dismiss. On November 9, 1995, the court rendered a decision, finding that the Neagues' failure to file a praecipe within forty days of the notice of appeal was not a jurisdictional defect and denying the school district's motion to dismiss.

On February 5, 1996, the Neagues filed their brief and a motion for a full evidentiary hearing pursuant to R.C. 2506.03. Attached was Ms. Neague's affidavit and certain other documents relating to Jonathan's condition and ADHD in general. The school district filed a memorandum contra the Neagues' motion for a full hearing and a motion to strike Ms. Neague's affidavit and the accompanying documents.

On November 1, 1996, the court rendered its decision. The court found no procedural deficiencies under R.C. 2506.03 and, therefore, granted the school district's motion to strike Ms. Neague's affidavit and accompanying documents. No additional evidence was permitted beyond the administrative record. The court found that the board's decision to suspend Jonathan was reasonable and was supported by a preponderance of reliable, probative, and substantial evidence. Therefore, the board's decision was affirmed.

The Neagues (hereinafter collectively referred to as "appellant") have appealed to this court, assigning nine errors for our consideration:

"Assignment of Error No. 1

"Where an appeal is taken to the court of common pleas pursuant to O.R.C. Section 2506.03 from a school suspension hearing in which the student–appellant had been denied right of cross–examination of witnesses, * * * and the appellant moves * * * the common pleas court for admission of additional evidence, it is prejudicial error on the part of the court of common pleas to deny the appellant the right to present such additional evidence.

"Assignment of Error No. 2

"When the Worthington City Schools Board of Education failed to certify a transcript containing all of the testimony, the common pleas court erred to the prejudice of appellant in refusing to permit the appellant to present additional evidence at the common pleas court appeal level.

"Assignment of Error No. 3

"The court of common pleas erred to the prejudice of appellant by finding that there had been no showing of procedural deficiency and by striking the affidavit of appellant's mother and next friend because when the hearing officer in an administrative hearing clearly states that no cross–examination will be permitted * * * a procedural defect exists without further objection and the appellant is entitled, pursuant to O.R.C. Sec. 2506.03, to introduce additional evidence at the common pleas appeal level.

"Assignment of Error No. 4

"Where the appellant's actual suspension commenced mid–day May 12, 1995, where the written notice of a suspension did not describe it as an emergency suspension, and where the suspension notice was not delivered * * * to the appellant or his parents until May 17, 1995, the common pleas court erred to the prejudice of appellant by excusing he [sic] appellee, board of education, from compliance with O.R.C. Sec. 3313.66.

"Assignment of Error No. 5

"Where a school principal suspended a student from school without prior written notice, but with a written notice issued after suspension began, but which contained no description of the suspension as an emergency suspension * * * the court of common pleas erred to the prejudice of appellant in upholding such a suspension as an emergency suspension pursuant to O.R.C. Sec. 3313.66(C) and in affirming the suspension order of appellee board.

"Assignment of Error No. 6

"The affirmation by the court of common pleas in upholding the suspension from school of appellant by Worthington City School District without compliance by the board of education with the procedural requirements of O.R.C. Sec. 3313.66 operates to deprive the appellant of due process and constitutes error to the prejudice of appellant.

"Assignment of Error No. 7

"The court of common pleas erred to the prejudice of appellant by affirming * * * the suspension imposed by Worthington School District even though the school district had failed to post a copy of the policy regarding suspensions in a central location in the schools, as required by O.R.C. Section 3313.66.1, which statute provides that no pupil shall be suspended except in accordance with the policy so posted.

"Assignment of Error No. 8

"The facts related in the transcript and in the affidavit * * * of appellant's mother filed in the court of common pleas illustrate that the Worthington City School District order of May 22, 1995 is arbitrary, capricious, unreasonable and

unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record, and it was therefore prejudicial error of the court of common pleas to affirm that order.

"Assignment of Error No. 9

"The court of common pleas erred to the prejudice of appellant when it failed to apply the correct standard of review of the administrative determination of the board of education. The court had a duty, under O.R.C. Section 2506.04, to weigh all evidence available in the record, as well as additional evidence it was required to admit pursuant to O.R.C. Section 2506.03."

The school district (hereinafter "appellee") has filed a cross-appeal, assigning the following as error:

"The trial court erred in denying the Worthington City School District's July 5, 1995 motion to dismiss appeal since appellant failed to file his praecipe within the time period prescribed by Ohio Rev.Code Section 2506.02, rendering the trial court without jurisdiction to hear his appeal."

We will address appellee's cross-assignment of error first.

Appellee contends that appellant's failure to file a praecipe within forty days of the filing of the notice of appeal with the trial court was a jurisdictional defect and that the trial court erred in failing to dismiss the action. R.C. 2506.02 states:

"Within forty days after filing the notice of appeal, the officer or body from which the appeal is taken, upon the filing of a praecipe, shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from. * * * "

Although the statute does not so indicate, appellee cites several cases that hold that it is the appellant's duty to file the praecipe under R.C. 2506.02. See *Wickliffe Firefighters Assn., Local 1536 v. Wickliffe* (1990), 66 Ohio App.3d 681, 685, 586 N.E.2d 133, 135–136, citing *Rodzen v. Warren City Health Dept.* (Mar. 20, 1987), Trumbull App. No. 3633, unreported, at 4, 1987 WL 8230; *Avondale Community Council v. Zoological Soc. of Cincinnati* (May 17, 1995), Hamilton App. No. C–930955, unreported, at 1, 1995 WL 298185, citing *Wickliffe, supra;* *Zurow v. Cleveland* (1978), 61 Ohio App.2d 14, 21, 15 O.O.3d 21, 25, 399 N.E.2d 92, 97.

It is unnecessary for this court in the instant case to address whose duty it is to file a praecipe for purposes of R.C. 2506.02. Appellant did file a praecipe; however, it was filed after forty days of the filing of the notice of appeal.[1] The

---

1. Although appellant contends otherwise, the record reflects that appellant filed a notice of appeal with the common pleas court and appellee on May 24, 1995. Appellant did not file a praecipe until July 7, 1995.

issue here is whether such constitutes a jurisdictional defect. We agree with the trial court that it does not.

Again, appellee has cited several cases that purport to hold that an appellant's failure to file a praecipe within forty days of the notice of appeal constitutes a jurisdictional defect. In *Wickliffe* at 686, 586 N.E.2d at 136–137, the Court of Appeals for Lake County stated that by failing to provide the trial court with the R.C. 2506.02 transcript, the appellant provided the trial court no basis on which to determine that any error had been committed. The *Wickliffe* court cited the *Rodzen* decision where it was noted that the failure of an appellant to comply with R.C. 2506.02 provides grounds for the trial court to deny the appeal. *Wickliffe* at 685, 586 N.E.2d at 135–136.

However, the *Wickliffe* court did not expressly state that such failure was a jurisdictional defect. Rather, the court analogized the absence of an R.C. 2506.02 "transcript" (which is actually the entire administrative record) with the absence in the court of appeals of a trial transcript that forces the appellate court to presume the validity of the trial court's proceedings and affirm. *Id.* at 686, 586 N.E.2d at 136–137. We also note that the appellant in *Wickliffe* never filed a praecipe and the trial court never had the administrative record before it. Here, appellant did file a praecipe and the record was before the trial court.

In a subsequent opinion, the Court of Appeals for Lake County rejected a line of cases that held that a trial court cannot proceed with an appeal absent the transcript. *Woerner v. Mentor Exempted Village School Dist. Bd. of Edn.* (1993), 84 Ohio App.3d 844, 846–847, 619 N.E.2d 34, 36. In *Woerner*, the appellant had requested that the administrative body file the record, but it did not. The court held that in such situation, R.C. 2506.03 applies and a trial *de novo* should be held.

The facts in *Wickliffe* and *Woerner* are distinguishable from the facts herein, and neither case held that the failure of the appellant to file a praecipe within forty days of the notice of appeal was a jurisdictional defect. Therefore, appellee's reliance on *Wickliffe* is misplaced. Also distinguishable from the case at bar are *Reilly v. Sylvania Twp. Bd. of Trustees* (1990), 66 Ohio App.3d 324, 584 N.E.2d 30, and *Grant v. Washington Twp.* (1963), 1 Ohio App.2d 84, 30 O.O.2d 108, 203 N.E.2d 859, because in these cases, as in *Wickliffe*, the transcripts of proceedings were *never* filed.

The only case this court could find involving similar facts is *Avondale Community Council, supra.* In *Avondale*, the appellants filed a notice of appeal with the trial court on September 8, 1993. On October 19, 1993, the appellee moved to dismiss the appeal because the appellants had not filed an R.C. 2506.02 praecipe

within forty days of the notice of appeal. Appellants then filed a praecipe on October 25, 1993, seven days after the alleged deadline to file such.

The court in *Avondale* held it was the appellants' duty to file the praecipe under R.C. 2506.02 and because appellants failed to timely file the praecipe, the trial court had no record before it and no authority to proceed with the appeal. *Id.* at 3. Hence, the trial court properly dismissed the appeal. *Id.* Because we do not agree with the holding in *Avondale* and, since it is an unreported decision from another district, we decline to follow it.

Instead, we follow the rationale in *Kertes Ent., Inc. v. Orange Village Planning Zoning Comm.* (1990), 71 Ohio App.3d 151, 593 N.E.2d 306. In *Kertes*, the appellant filed a notice of appeal with the trial court on March 29, 1988. *Id.* at 152, 593 N.E.2d at 306–307. Appellant filed a praecipe over one year later on May 18, 1989. The trial court dismissed the appeal. The court of appeals noted that a praecipe pursuant to R.C. 2506.02 was necessary. *Id.* at 153–154, 593 N.E.2d at 307–308. However, because a praecipe was filed, albeit untimely, and because there was no flagrant, substantial disregard for court processes or prejudice to the appellee, it was an abuse of discretion for the trial court to dismiss the appeal. *Id.* at 154, 593 N.E.2d at 308.

In addition, we cite our case of *Sapp v. Franklin Twp. Bd. of Trustees* (Sept. 24, 1974), Franklin App. No. 74AP–132, unreported, wherein this court held that the procedural requirements set forth in R.C. 2506.02 were necessary but not jurisdictional. *Id.* at 7–8. If the procedural requirements are not followed by the parties, the court may, upon a motion and within its discretion, dismiss the appeal. *Id.* at 8.

In the case at bar, appellant filed a praecipe forty-four days after the notice of appeal was filed. Neither the trial court nor the appellee was prejudiced by the four-day "delay." There has been no showing or allegation that appellant flagrantly disregarded court processes. In addition, it is a fundamental tenet of judicial review that courts should decide cases on the merits. *State ex rel. Montgomery v. R & D Chem. Co.* (1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821, 822–823. Given this and the fact that there is no clear legislative intent that the subject requirement in R.C. 2506.02 is jurisdictional, see *Sapp* at 5–6, the trial court did not abuse its discretion in denying appellee's motion to dismiss.

Accordingly, appellee's cross-assignment of error is overruled.

We now reach appellant's appeal. As they are interrelated, we will address appellant's first, second, and third assignments of error together. Appellant contends that the trial court erred in denying his request to present additional evidence pursuant to R.C. 2506.03. R.C. 2506.03 states:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

"(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;

"(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:

"(a) Present his position, arguments, and contentions;

"(b) Offer and examine witnesses and present evidence in support;

"(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;

"(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;

"(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

"(3) The testimony adduced was not given under oath;

" * * *

"If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."

Appellant asserts on appeal that the trial court should have allowed additional evidence because he was denied the right to cross-examine at a hearing and because the transcript from a hearing was incomplete. Appellant, pursuant to R.C. 2506.03(A), filed the affidavit of his mother, which stated that no one at the May 18, 1995 hearing was placed under oath and that appellant's attorney was expressly prevented from cross-examining Mr. Cynkar.

■ As to the failure of placing witnesses under oath, the Supreme Court of Ohio has held that such is waivable error. *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629, syllabus. In addition, in *Zurow, supra,* 61 Ohio App.2d at 24, 15 O.O.3d at 27, 399 N.E.2d at 99, the court of appeals stated that it was error for the administrative board in that case not to swear witnesses and not to permit the examination and cross-examination of witnesses. However, the appellants waived their right to claim such as error

because they did not object to the failure to swear witnesses and did not raise the issue of examination or cross-examination. *Id.* See, also, *Parker v. New Paris* (Apr. 29, 1996), Preble App. No. CA95–10–024, unreported, at 6–7, 1996 WL 204128.

■ Hence, the case law indicates that as to unsworn testimony and the lack of/prohibition against cross-examination, such error may be waived. In the case at bar, the record shows that no person making statements at the hearings, in particular the May 18, 1995 hearing, was put under oath. However, no objection to this was ever raised. Therefore, this error was waived.

■ Appellant has a stronger argument as to the lack of cross-examination. At the May 18, 1995 hearing, Mr. Cynkar made statements regarding the May 12, 1995 incident. When he was finished, the following exchange occurred:

"MR. BORST: Any additional comments that you care to make?

"MR. LEIBOLD [appellant's attorney]: Yes. Mr. Cynkar, you recall yesterday we went through the green book.

"MR. BORST: We're not going to get into a question and answer cross-examination. This is an informal school hearing as compared to a legal hearing. If you do have additional comments you would like to make, then let's do that.

"MR. LEIBOLD: Additional comments then I'll make in this fashion: First of all, the tape recorder is not destroyed, I don't believe. I think the tape recorder has a broken lid."

Appellant's attorney then went on to comment about the school policy booklet and then requested that Mr. and Ms. Neague be allowed to speak. This was allowed and then Jonathan gave his version of what happened on May 12, 1995. Appellant's attorney never objected to there being no cross-examination of Mr. Cynkar. Appellant contends that no objection was necessary because the hearing officer was making a ruling when he said that they were not going to "get into a question and answer cross-examination." We agree.

Appellant's counsel attempted to question Mr. Cynkar, but was prevented from doing so by the hearing officer. The hearing officer effectively made a ruling that there would be no cross-examination. Hence, appellant's counsel was not required to object at this point to preserve the matter for appeal. Under R.C. 2506.03(A)(1)(c), appellant should have been allowed to present additional evidence.

■ Hence, the trial court erred in failing to permit additional evidence pursuant to R.C. 2506.03 because appellant was not permitted to cross-examine Mr. Cynkar. Accordingly, appellant's first and third assignments of error are sustained, and this cause will be remanded to the trial court for the allowance of

additional evidence by either party. Because of our disposition of the first and third assignments of error, the second assignment of error is rendered moot.

As there may be additional evidence introduced on remand that could touch on issues raised in appellant's fourth, fifth, sixth, seventh, eighth, and ninth assignments of error, these assignments of error are rendered moot.

In summary, appellee's cross-assignment of error is overruled. Appellant's first and third assignments of error are sustained. Appellant's second, fourth, fifth, sixth, seventh, eighth, and ninth assignments of error are moot. The judgment of the Franklin County Court of Common Pleas is affirmed, in part, as to the denial of appellee's motion to dismiss, and reversed, in part, as to the denial of appellant's request to present additional evidence under R.C. 2506.03 and the striking of Ms. Neague's affidavit and any additional ruling. This cause is hereby remanded to the trial court with instructions to permit the introduction of additional evidence by either party, in accordance with R.C. 2506.03, and for further appropriate proceedings.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded with instructions.*

PETREE and LAZARUS, JJ., concur.