OPINION
This case comes for review of the Auglaize County Common Pleas Court's order dismissing plaintiff Barbara Planck's administrative appeal for lack of subject-matter jurisdiction.
On October 27, 1998, defendant Auglaize Soil and Water Conservation District Board of Supervisors adopted a resolution approving the proposed Berg Bauer Ditch project. In accordance with their resolution, the supervisors submitted an outline of the project along with a letter of recommendation to defendant Auglaize County Board of Commissioners for approval.
On November 24, 1998, the Commissioners held a public hearing on the Berg Bauer Ditch project. Plaintiff appeared at the hearing and voiced her objections to the project, asserting that it would cause damage to her property out of proportion to the benefit it conveyed. Despite plaintiff's objections, the Commissioners approved the project in a resolution that expressly stated that "no damages are to be awarded to any of the benefiting property owners."
On December 28, 1998 plaintiff filed a complaint in the Auglaize County Court of Common Pleas appealing the board's decision pursuant to R.C. 1515.24.[1] By mutual agreement, the parties extended the time permitted for the defendants to answer the complaint. On February 16, 1999 the defendants filed an answer, which asserted the affirmative defense that "[p]laintiff's complaint fails to state a claim upon which relief can be granted."
On March 11, 1999, the trial court ordered that the defendants file a transcript of the proceedings below:
 Pursuant to Ohio Revised Code Section 2506.02the Board of Commissioners for Auglaize County is ORDERED to file a Transcript of the Proceedings, which were due February 8, 1999. Said Transcript shall be filed within ten (10) days of the filing of the date of this Journal Entry unless extended for good cause shown.
On March 19, 1999 the defendants responded to the trial court's order by filing a motion to dismiss the complaint and a request to vacate the order. Defendants argued that because the plaintiff had failed to file a praecipe within forty days after filing the notice of appeal that they were not obligated to file a transcript under R.C. 2506.02.
 Within forty days after filing the notice of appeal, the officer or body from which the appeal is taken, upon the filing of a praecipe , shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from. The costs of such transcript shall be taxed as a part of the costs of the appeal. (Emphasis added)
Defendants' motion further asserted that the R.C. 2506.02
requirement of a praecipe is jurisdictional. Based on AvondaleCommunity Council v. The Zoological Society of Cincinnati (May 17, 1995), Hamilton App. No. C-930955, unreported, 1995 WL 298185 at *2-3, the defendants argued that plaintiff's failure to file a praecipe within forty days after filing her complaint rendered the trial court without subject matter jurisdiction to decide the case.
On March 24, plaintiffs filed both a memorandum contra defendant's motion and a praecipe. However, on April 2 the trial court dismissed the case.
 While not jurisdictional, the procedural statutes as applied to the facts of this case should be strictly construed, as the entire project is being held up because of this pending appeal. Plaintiff's counsel has conceded that the project has not had bids awarded. * * * * So the prejudice to the entire project, and prejudice to the Defendants, has been demonstrated and the Court finds that while not jurisdictional, Plaintiff's failure to timely file the praecipe has prejudiced Defendants, should the Court not grant the Defendant's [sic] motion.
The trial court also vacated its entry ordering the defendants to provide a transcript, stating "it never should have been issued."[2] Plaintiff now appeals and asserts three assignments of error.
 The Trial Court abused its discretion when it dismissed the appeal under R.C. 1515.24 from the decision of the Board of county Commissioners for failure to file a praecipe for the transcript.
 The Trial Court erred by dismissing the appeal of Barbara Planck without evidence of substantial prejudice or other grounds deserving of the ultimate sanction of dismissal.
 The Trial Court erred in vacating its order to produce the transcript.
Plaintiff's essential argument in all three assigned errors is that the trial court erroneously dismissed the case and vacated its order based on plaintiff's failure to file a praecipe. Because the assigned errors raise similar arguments, we will address them simultaneously.
In Neague v. Worthington City School Dist. (1997), 122 Ohio App.3d 433, the Franklin County Court of Appeals faced a similar situation.
 On May 24, 1995, [plaintiffs] appealed the board's order to the Franklin County Court of Common Pleas. On July 5, 1995, the [defendants] filed a motion to dismiss, contending that the [plaintiffs] failed to file a praecipe pursuant to R.C. 2506.02 and, therefore, the court lacked jurisdiction. On July 7, 1995, the [plaintiffs] filed a praecipe * * *.
Id. at 435-36. The Neague court held that despite the fact that R.C. 2506.02 mandates the filing of a praecipe within forty days, that failure to file within that time was not a jurisdictional defect and did not justify dismissing the case.
 [B]ecause a praecipe was filed, albeit untimely, and because there was no flagrant, substantial disregard for court processes or prejudice to the appellee, it was an abuse of discretion for the trial court to dismiss the appeal. * * * * [T]he procedural requirements set forth in R.C. 2506.02 [are] necessary but not jurisdictional.
Id. at 440 (citations omitted); accord Kertes Ent., Inc. v.Planning Zoning Comm'n of Orange Village (1990), 71 Ohio App.3d 151,154.
We agree with both the Neague court and the trial court below that the requirement of a praecipe is "necessary but not jurisdictional." Neague, 71 Ohio App.3d at 440. However, the trial court apparently based its decision to dismiss the case onAvondale Community Council v. The Zoological Society ofCincinnati, Hamilton App. No. C-930955, unreported.
 Appellants have not provided this court with a persuasive reason why they could not comply with the requirements of R.C. 2506.02. * * * * Since appellants failed to timely file a praecipe with the zoning board of appeals, the common pleas court had no record before it and no authority to proceed to hear the appeal. Therefore, it properly granted appellee's motion to dismiss.
Id., at *2-3 (citations omitted). Plaintiff argues that theAvondale is distinguishable. Specifically, she relies upon the facts that defendants requested and were granted an extension of time to file their answer, that the answer did not raise the affirmative defenses of lack of jurisdiction or lack of authority to hear the case, and the trial court's order to the defendants that they file a transcript as providing reasons justifying her noncompliance with R.C. 2506.02. We agree that the foregoing facts, including in particular the trial court's own order to file the transcript, provide the "persuasive reason" sufficient to distinguish this case from Avondale. Moreover, we do not believe that the trial court's determination that "the entire project is being held up because of this pending appeal" creates a "flagrant, substantial disregard for court processes or prejudice to the appellee." Neague, 122 Ohio App.3d at 440.
Finally, we observe that while the trial court's judgment entry repeatedly states that failure to file a praecipe is "not jurisdictional," the defendants' motion to dismiss expressly states that it is "based on the Court's lack of jurisdiction over the matter." Under the civil rules, the only defenses that may be raised by motion are those described in Civ.R. 12(B).
 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. (Emphasis added).
Because the defendants raised their defense in a motion to dismiss, the question before the trial court was whether it had subject-matter jurisdiction. Civ.R. 12(B)(1). By determining that the requirement of a praecipe was "not jurisdictional," the trial court in effect denied the defendant's Civ.R. 12(B)(1) motion and dismissed the case based on a factual determination that allowing the appeal would have a prejudicial effect on the defendants. On these facts, such a dismissal was improper.
For the foregoing reasons, plaintiff's three assigned errors are sustained. The judgment of the Auglaize County Court of Common Pleas is reversed and this case is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
WALTERS and HADLEY, JJ., concur.
[1] The complaint also alleged three entirely separate causes of action regarding the project. The plaintiff voluntarily dismissed those claims on May 18, 1999 and they are not involved in the instant appeal.
[2] Despite the fact that the judgment did not address plaintiff's three remaining claims, the court certified its order as final and appealable pursuant to Civ.R. 54(B).