JOURNAL ENTRY AND OPINION
Relator avers that he was suspended as a student in the Cleveland Heights-University Heights school system. Relator further avers that he has filed a "`Student's Notice of Appeal' from the administrative denial" of his appeal of the suspension.
R.C. 2505.08 provides:
 In the case of an administrative-related appeal, within forty days after the filing of a notice of appeal or the obtaining of a leave to appeal, as described in section 2505.04 of the Revised Code, the administrative officer, agency, board, department, tribunal, commission, or other instrumentality whose final order is being appealed shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order. The costs of the transcript shall be taxed as part of the costs of the appeal.
Relator asserts that R.C. 2505.08 requires that respondents — the president, vice president and treasurer of the school board — file the record of the appeal with the clerk of the court of common pleas. Relator requests that this court issue a writ of mandamus compelling respondents to deliver to and file with the clerk of the court of common pleas the records of relator's suspension matter.
Respondents have filed a motion to dismiss. Respondents argue that relator's failure to file a praecipe with respondent board is a sufficient basis for dismissing this action. Respondents also assert that, under R.C. Chapter 2506, relator was required to file an appeal in the court of common pleas.
R.C. 2506.02 provides:
 Within forty days after filing the notice of appeal, the officer or body from which the appeal is taken, upon the filing of a praecipe, shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from. The costs of such transcript shall be taxed as a part of the costs of the appeal.
(Emphasis added.) Respondents argue that they do not have a duty to transmit the administrative record to the court of common pleas because relator had not filed a praecipe.
Attached to relator's brief in opposition to respondents' motion to dismiss is a copy of the praecipe filed with respondent school board. In Kertes Ent., Inc. v. Orange Village Planning Zoning Comm. (1990), 71 Ohio App.3d 151, 593 N.E.2d 306, this court reversed the dismissal of an administrative appeal. Although the praecipe was filed more than one year after the filing of the notice of appeal, the Kertes court held that the court of common pleas abused its discretion by dismissing the administrative appeal. The untimely filing of the praecipe is not, therefore, a sufficient basis for dismissing this action.
Nevertheless, we agree with respondents that dismissal is appropriate because relator has not initiated an appeal in the court of common pleas. Loc.R. 7 of the Court of Common Pleas of Cuyahoga County, General Division, requires the payment of security for costs for appeals from other tribunals. Relator does not aver that he delivered security for costs and a copy of the notice of appeal filed with respondent board to the clerk of the court of common pleas. As a consequence, relator does not have a clear legal right to relief and — in light of the record in this action at this time — respondent does not have a clear legal duty to transmit the record of the administrative proceedings to the clerk of the court of common pleas.
Accordingly, respondents' motion to dismiss is granted. Relator to pay costs.
 ______________________ LEO M. SPELLACY, JUDGE
JOHN T. PATTON, P.J. and ANNE L. KILBANE, J. CONCUR.