¶ 16 I respectfully concur in judgment only with the majority's opinion for the following reasons.
 {¶ 17} After considering appellant's assignments of error, the majority determined that the court of common pleas erred by not holding an evidentiary hearing on this matter pursuant to R.C. 2506.03. The majority maintains that the verbatim transcript of the tape recordings ordered by the trial court was additional evidence under R.C. 2506.03; thus, the trial court was obligated to hold an evidentiary hearing.
 {¶ 18} R.C. 2506.03(A)(1) and (A)(2)(d) specifically state:
 {¶ 19} "(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 {¶ 20} "(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;
 {¶ 21} "(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:
 {¶ 22} "(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions[.]"
 {¶ 23} If a transcript is deficient or incomplete the trial court is obligated to conduct an evidentiary hearing. In general, such deficiencies are represented by instances "where the transcript of the administrative proceeding is incomplete, either because it did not contain all of the evidence which actually was presented or because the appealing party's right to be heard and to present evidence was infringed in some manner." Schoell v. Sheboy (1973), 34 Ohio App.2d 168, 172. See, also, Rutherford v. Gahanna-Jefferson City School Dist. Bd. of Edn.
(Sept. 16, 1997), 10th Dist. Nos. 97APE02-162 and 97APE02-200, 1997 Ohio App. LEXIS 4218, at 9-10.
 {¶ 24} Neither of the above is the situation here. The original record presented to the common pleas court was not a transcript, rather, by all accounts, it was a summary of the administrative proceedings. This is evident by the fact that the summary filed on August 1, 2001, was neither certified nor labeled as a transcript. Furthermore, the trial court referred to this summary as the "minutes" of the Geauga County Board of Health, and proceeded to specifically request a verbatim transcript and accompanying tape recordings.
 {¶ 25} R.C. 2506.02 speaks specifically of a "complete transcript." It says nothing about a summary or a statement of the proceedings or a paraphrase of the testimony. It is presumed that the legislature intended the ordinary meaning of the words it employed in these statutes. D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health,96 Ohio St.3d 250, 2002-Ohio-4172, at ¶ 22. Transcript ought to mean transcript. Arguably, the common pleas court, upon proper motion, could have ruled against the Board of Health on this basis alone. Neague v.Worthington City School Dist. (1997), 122 Ohio App.3d 433.
 {¶ 26} What I do agree with is that once the transcript was obtained, the parties should have been given an opportunity to submit additional briefing. This would have also provided the opportunity to determine if this verbatim transcript contained any omissions, etc. If so, then the appropriate affidavit challenging the completeness of the transcript could have been filed.
 {¶ 27} The majority opinion apparently concludes that the original summary somehow constituted a "transcript" as required by R.C. 2506.02. If so, it is still unknown whether the verbatim transcript of the tape recordings of the two board hearings actually introduced new evidence that was not present in the original summary filed on August 1, 2001. Furthermore, there was no affidavit making this assertion.
 {¶ 28} Before any deficiencies may be cured at the trial court level, R.C. 2506.03 requires that the defects either appear on the face of the transcript or be brought to the attention of the trial court by affidavit. Rutherford at 10. Appellant failed to submit an affidavit with such an averment with the trial court and there were no facial deficiencies of the original summary. Therefore, I disagree with the majority's finding that the verbatim transcripts were additional evidence that obligated the trial court to conduct an evidentiary hearing.
 {¶ 29} The submission of the Lisa Feigle affidavit, however, was additional evidence. This affidavit was added subsequent to the trial court's receipt of the original summary. Before it could be considered, there had to be an additional affidavit from the board that the verbatim transcript was incomplete in some statutory noted manner. See, e.g.,Hypabyssal, Ltd. v. Akron Hous. Appeals Bd. (Nov. 22, 2000), 9th Dist. No. 20000, 2000 Ohio App. LEXIS 5422, at 7. There was no such affidavit.
 {¶ 30} Further, it is unclear whether the trial court relied upon or even looked at the affidavit when reviewing the board's findings. Presumably, without an affidavit from the Board, the common pleas court did not consider the affidavit. Upon remand, the court will be able to specifically confirm this.
 {¶ 31} Further, I note that before the common pleas court could consider the affidavit of Lisa Feigle it first had to have an affidavit from the Board indicating that this evidence had been left out of the verbatim transcript. That does not seem to be the case as one of appellant's claims is that Feigle's opinion was originally presented as hearsay testimony. Thus, it would seem that the intent of the Board was to supplement its hearsay evidence with an actual affidavit. If that were the case, the court could not consider this affidavit as it did not meet any of the statutory exceptions. Hence, no evidential hearing would be required.
 {¶ 32} Therefore, I agree that this matter should be reversed and remanded to allow both parties to rebrief the matter in light of the verbatim transcript. At that point, each side will have an opportunity to submit affidavits challenging any omissions in the verbatim transcript. Thus, to that extent, I agree with a reversal and remand.