OPINION
{¶ 1} Plaintiff-appellant Alltel Communications appeals the decision of the Jefferson County Common Pleas Court granting summary judgment for defendants-appellees Village of Mingo Junction, Joseph Pierrro, in his capacity as Village Administrator for the Village of Mingo Junction, Planning Commission of the Village of Mingo Junction, and Board of Zoning Appeals of the Village of Mingo Junction (collectively referred to as the Village of Mingo Junction). The issue presented in this case is whether the common pleas court erred when it failed to hold an evidentiary hearing. For the reasons stated below, the judgment of the common pleas court is reversed and remanded for an evidentiary hearing.
 STATEMENT OF CASE {¶ 2} On March 18, 2004, Steve Roy, acting on behalf of Alltel, in a self made application, approached the Village of Mingo Junction for the purpose of applying for a conditional use permit, a setback variance and a stand off variance that would be necessary for the construction of a 190 foot monopole cellular communications tower at the dead end of Mary Street in Mingo Junction, Jefferson County, Ohio.
 {¶ 3} The conditional use permit was asked for because the Mary Street area in Mingo Junction is zoned R-1, residential. Thus, in order for a cellular tower to be constructed in this area a conditional use permit would have to be granted. The set back variance was requested because the monopole cellular communications tower would only be 350 feet away from the nearest residence. The ordinances established by Mingo Junction required a larger distance from the nearest residence. Likewise, the stand off variance was requested because the antennas mounted to the tower are required to be within four feet of the tower; however, Alltel's antennas would extend out to seven feet two inches.
 {¶ 4} It appears that after requesting these variances and a conditional use permit, the planning commission held a hearing. No action was taken after this first hearing. A second hearing was then held on June 14, 2004. At this hearing, the planning commission allegedly informed Alltel that it did not deem the self made application submitted by Alltel as an application. The commission allegedly gave Alltel the application form that was required to be submitted. It was labeled "Application for Building Permit and Zoning Inspection."
 {¶ 5} Alltel then filled out that Application which included a filing fee and submitted it to the Village of Mingo Junction on July 22, 2004. A third hearing was held. After that hearing, no action was taken. Then on September 9, 2004, the Zoning Board held a hearing and determined it would schedule the matter for a public hearing on September 29, 2004. Alltel complied with its obligation, pursuant to the Village of Mingo Junction Ordinances, to notify all affected landowners.
 {¶ 6} The public hearing was then held on September 29, 2004. At this hearing, Alltel presented its reasons for wanting to place the tower at the Mary Street location. Members from the public voiced their concerns about the placement of the tower. There was no sworn testimony taken at this meeting. Rather, it was more of a town meeting with a discussion like setting. However, there was a court reporter there and a transcript of the meeting is reviewable.
 {¶ 7} At the end of the meeting, the commission voted on the variances and conditional use permit, as did the rest of the general public in attendance. The overwhelming vote from the public was no. The commission also voted a unanimous no. Thus, the Village of Mingo Junction denied the variances and conditional use permit requests.
 {¶ 8} Alltel then appealed that ruling to the Jefferson County Common Pleas Court. The Village of Mingo Junction answered the complaint filed. Thereafter, it filed a motion for summary judgment. The motion for summary judgment claimed that the commission did not have subject matter jurisdiction over Alltel's request because Alltel had not filed the appropriate paperwork. Alternatively, the Village of Mingo Junction argued that because Alltel did not comply with the ordinances that required it to show numerous things before a variance or conditional use permit could be granted, those failures would allow it to deny the permits. Alltel filed a motion in opposition to the motion for summary judgment claiming that summary judgment was not available because the case was on appeal, and also, argued that the common pleas court must hold an evidentiary hearing. The Village of Mingo Junction filed a reply.
 {¶ 9} The common pleas court then granted summary judgment in the Village of Mingo Junction's favor. The common pleas court reasoned that:
 {¶ 10} "The evidence submitted by the parties clearly shows that the Appellant did not comply with the Appellee/Village's Planning and Zoning Code in order to request a CONDITIONAL USE as required under Sections 1161.02 and 1169.04 of the PLANNING AND ZONING CODE OF THE VILLAGE. Appellant, at said hearing, was given a full opportunity to present its evidence, to object to testimony received from those who testified and to be heard. However, applicant's request for a Building Permit and for a Conditional Use Permit did not comply with the requirements of the Appellee's Planning and Zoning Code (as noted above) and therefore the Planning Commission and Zoning Board of Appeals properly denied the same."
 {¶ 11} Alltel appeals from that decision raising three assignments of error. For ease of discussion the second assignment of error will be addressed first.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 12} "THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY, OHIO ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING PURSUANT TO OHIO REVISED CODE § 2506.03 PRIOR TO THE ENTRY OF JUDGMENT."
 {¶ 13} Under this assignment of error, Alltel argues that the mandates of R.C. 2506.03 were not followed. R.C. 2506.03 states:
 {¶ 14} "(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 {¶ 15} "(1) The transcript does not contain a report of all evidence admitted or profferred [sic] by the appellant;
 {¶ 16} "(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:
 {¶ 17} "(a) Present his position, arguments, and contentions;
 {¶ 18} "(b) Offer and examine witnesses and present evidence in support;
 {¶ 19} "(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;
 {¶ 20} "(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;
 {¶ 21} "(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.
 {¶ 22} "(3) The testimony adduced was not given under oath;
 {¶ 23} "(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;
 {¶ 24} "(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.
 {¶ 25} "If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."
 {¶ 26} Alltel argues that pursuant to this statute, the common pleas court was required to hold an evidentiary hearing, prior to it deciding this case. Alltel makes four specific arguments as to why an evidentiary hearing was required. Each will be addressed separately.
 {¶ 27} First, Alltel contends that at the public hearing it was not permitted to "cross-examine witnesses purporting to refute his position, arguments, and contentions" because the Village of Mingo Junction did not present any witnesses refuting its position on the tower. Alltel also contends that it was not provided an opportunity to "offer evidence to refute evidence and testimony offered in opposition to" its position, arguments and contentions, as there was no evidence opposing Alltel. Along these same lines, Alltel additionally argues that people were not given an oath prior to speaking. Alltel's argument appears to be based upon the fact that the hearing did not proceed as a normal court hearing.
 {¶ 28} As stated earlier, the hearing before the zoning commission was not like a regular court hearing, rather it was in the form of a town meeting. Thus, Alltel is correct that it did not cross-examine witnesses, nor was any oath given. That said, during this informal meeting, citizens expressed their concerns and asked questions about the cellular tower to Alltel. Alltel answered the questions and tried to alleviate the citizens concerns. It was not only members of the public that asked questions but also members of the zoning board and planning commission. Thus, Alltel mischaracterizes the informal meeting when it insists that no evidence was admitted or refuted. The questions and answers going back and forth between the public, members of the planning and zoning commission, and Alltel was a form of presenting witnesses. Moreover, Alltel never objected to the informality of the meeting. The Eighth Appellate District has explained:
 {¶ 29} "In the event that there is no objection to the admission of unsworn testimony at an administrative hearing, the error of allowing this evidence is waived and no additional evidence should be taken by the trial court in an appeal pursuant to R.C. Chapter 2506. Stores Realty Co. v. Cleveland [(1975),41 Ohio St.2d 41]. The trial court should then consider the unsworn testimony as though it were given under oath." Zurow v.City of Cleveland (1978), 61 Ohio App.2d 14, 24. See, also,Neague v. Worthington City School Dist. (1997),122 Ohio App.3d 433 (also stating it did waive issue of cross examination because did not raise).
 {¶ 30} Thus, the failure to raise this error waives it. Accordingly, this argument does not support Alltel's position that it was entitled to a full evidentiary hearing before the common pleas court.
 {¶ 31} The remaining arguments, which are related, are as follows: 1) the Village of Mingo Junction failed to file a transcript; 2) the Village of Mingo Junction failed to file conclusions of fact supporting its final decision; and 3) the record does not contain a report of all evidence admitted or proffered by Alltel at the other "fact-finding" hearings.
 {¶ 32} First, a transcript of the hearing was filed in this case. Thus, regardless of who filed it, the common pleas court had the ability to review it. Accordingly, any error in procedure would be harmless error.
 {¶ 33} However, as to Alltel's arguments that conclusions of fact were not filed and that the record does not contain a report of the evidence admitted at the first fact-finding hearing, has merit. Clearly, the statute mandates that findings of fact must be filed and the transcript must contain a report of all evidence admitted. R.C. 2506.03(A)(1) and 2506.03(A)(5).
 {¶ 34} Moreover, since the transcript does not contain a report, it is unclear whether additional evidence was admitted at the earlier fact-finding hearings. Without a report in the transcript of all evidence admitted, it is unclear what was exactly before the board. Thus, the common pleas court was without this information to review for its determination.
 {¶ 35} Furthermore, while the transcript clearly indicates that the Village of Mingo Junction Planning Commission and Zoning Board denied the conditional use permit, there is no clear indication in the absence of mandatory findings of fact as to why it was denied. The common pleas court, accordingly, relied on its own independent determination that the request for the conditional use permit did not comply with the Village of Mingo Junction's Planning and Zoning Code sections 1161.02 and 1169.04.
 {¶ 36} R.C. 2506.03 mandates the filing of conclusions of fact; failure to file conclusions of fact requires an evidentiary hearing. Zannieri v. Norwalk Bd. of Bldg. Zoning Appeals
(1995), 101 Ohio App.3d 737, 740. See, also, T.O.P. 1 Partnersv. Stow (1991), 73 Ohio App.3d 24; Woerner v. Mentor SchoolDist. Bd. of Edn. (1993), 84 Ohio App.3d 844. Thus, given that nothing in the record indicates the facts that the decision was based upon, the common pleas court erred in failing to hold an evidentiary hearing.
 {¶ 37} In conclusion, the Village of Mingo Junction's unorthodox (town meeting style rather than having sworn testimony and admission of evidence) approach to holding the administrative hearing in this case resulted in the transcript and record being deficient of what was needed for the common pleas court to review the administrative appeal. Thus, due to those deficiencies, R.C.2506.03 applied and dictated that the common pleas court hold an evidentiary hearing. This assignment of error has merit.[1]
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 38} "THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY, OHIO ERRED IN RENDERING A RULING ON THE MOTION FOR SUMMARY JUDGMENT FILED BY APPELLEES, VILLAGE OF MINGO JUNCTION, OHIO; JOSEPH PIERRO, PLANNING COMMISSION OF THE VILLAGE OF MINGO JUNCTION, OHIO; BOARD OF ZONING APPEALS OF THE VILLAGE OF MINGO JUNCTION, OHIO BECAUSE SUMMARY JUDGMENT PURSUANT TO RULE 56 IS NOT AVAILABLE IN A CASE INVOLVING AN ADMINISTRATIVE APPEAL."
 {¶ 39} The issue in this assignment is whether summary judgment can be granted in this type of case. Alltel argues that summary judgment was not available to the Village of Mingo Junction because the Civil Rules of Procedure are inapplicable to a common pleas court when reviewing an administrative decision.
 {¶ 40} Regardless of whether summary judgment would have been available in this type of action, the common pleas court was required, as is explained above, to hold an evidentiary hearing pursuant to R.C. 2506.03. Thus, even if summary judgment was available, it could not have been granted at that point in time. Consequently, this assignment of error is moot.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 41} "THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY, OHIO ERRED IN FINDING THAT THE APPELLANT, ALLTEL COMMUNICATIONS, INC. FAILED TO COMPLY WITH VILLAGE OF MINGO JUNCTION PLANNING AND ZONING CODE BECAUSE THERE WAS NO EVIDENCE OF THAT FACT IN THE RECORD, AND THERE WAS LIKEWISE NO EVIDENCE IN THE RECORD THAT SAID FAILURE TO COMPLY WAS THE RATIONALE FOR THE DENIAL OF ALLTEL COMMUNICATIONS, INC.'S REQUEST FOR A CONDITIONAL USE PERMIT AND/OR VARIANCES."
 {¶ 42} Our disposition of the second assignment of error renders any argument made concerning Alltel's failure to comply with the Village of Mingo Junction's Planning and Zoning Code moot. As such, we will not address the arguments made under this assignment of error. The common pleas court erred when it failed to hold an evidentiary hearing.
 {¶ 43} For the foregoing reasons, the judgment of the trial court is hereby reversed and this case is remanded for an evidentiary hearing.
Donofrio, P.J., concurs.
Waite, J., concurs.
[1] Had there been a traditional administrative hearing with the requisite record and findings of fact, an evidentiary hearing would not be required pursuant to R.C. 2506.03.