**In re ANNEXATION OF 259.15 ACRES in Sylvania Township to the City of Sylvania, Ohio, Petition No. 00–4; Smith, Appellant and Cross–Appellee; Sylvania Township Board of Trustees, Appellee and Cross–Appellant.**

[Cite as *In re Annexation of 259.15 Acres,* 159 Ohio App.3d 736, 2005-Ohio-1027.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–04–1042.

Decided March 11, 2005.

738

Peter D. Gwyn, for appellant and cross-appellee.

David J. Simko, for appellee and cross-appellant.

---

HANDWORK, Judge.

{¶ 1} Appellant and cross-appellee, Harrison W. Smith, the agent for the city of Sylvania as petitioner seeking annexation ("city"), appeals from a January 22, 2004 judgment of the Lucas County Court of Common Pleas upholding a decision of the Lucas County Board of Commissioners that denied the city's petition for annexation brought pursuant to R.C. Chapter 709.

{¶ 2} On November 15, 2000, the city filed a petition seeking to annex approximately 328 acres located in Sylvania Township to the city of Sylvania, Ohio. The city later amended the petition, deleting almost 70 acres of the territory to be annexed. This eliminated all of the single-family homes [1] that were encompassed in the acreage designated in the original annexation petition. Appellee/cross-appellant, the Board of Trustees of Sylvania Township [2] opposed the annexation.

{¶ 3} After holding the hearings required by R.C. 709.031 and 709.032, the Lucas County Board of Commissioners denied the city's petition. Pursuant to R.C. 307.56 and Chapter 2506, the city filed an administrative appeal of the board's decision in the common pleas court. The township filed a cross-appeal and a motion to dismiss the city's cause for lack of subject-matter jurisdiction. The trial court denied the motion to dismiss.

{¶ 4} On May 10, 2004, the trial court journalized a judgment entry that affirmed the decision of the board in its entirety. The city appeals that judgment and asserts the following assignment of error:

{¶ 5} "The trial court's decision upholding the Lucas County Commissioners denial of the annexation of 259.15 cares [sic] to the city of Sylvania on the grounds that the general good of the territory would not be served is illegal, arbitrary, capricious, unreasonable and or unsupported by a preponderance of the substantial, reliable and probative evidence."

---

1. Many of the owners of single-family residential property (known as Farmbrook Estates) objected to the annexation. They testified that they were forced to sign or had no knowledge of covenants that they signed when they purchased the property for their new residences in the development. The covenant required the property owners to agree to annexation to the city in exchange for water and sewer services to their township properties. This court upheld the unenforceability of the annexation covenants and affirmed the trial court's decision in *Sylvania v. Ralston*, 6th Dist. No. L–01–1448, 2002-Ohio-3575, 2002 WL 1561024.

2. The township was allowed to intervene in the proceedings by the common pleas court.

{¶ 6} The township alleges that the following errors were committed by the lower court:

{¶ 7} "The common pleas court's decision denying appellees' motion to dismiss appellant's appeal for lack of jurisdiction on the basis of failure to comply with Chapters 2505 and 2506 of the Ohio Revised Code was error as a matter of law."

{¶ 8} "The Lucas County Common Pleas Court committed error as a matter of law in affirming the decision of the Lucas County commissioners where the commissioners found that the petition for annexation contained the valid signatures of a majority of owners of real estate in the territory to be annexed."

{¶ 9} Initially, we will discuss and determine the merits of the township's cross-assignments of error.

{¶ 10} The township's first cross-assignment of error raises the issue of subject-matter jurisdiction. In that assignment, the township contends that the method employed by the city to perfect its appeal to the common pleas court did not satisfy the requirements of R.C. 2505.04. Appellant also urges that because strict compliance with the statute is required, the fact that the notice of appeal was captioned "In the Court of Common Pleas of Lucas County, Ohio" when it was received by the board also deprived the trial court of jurisdiction.

{¶ 11} It is undisputed that the city first filed its notice of appeal in the common pleas court on May 22, 2001, at 10:53 a.m. It is also undisputed that a copy of this notice of appeal was hand-delivered by the city's attorney to the board at 11:56 a.m. on May 22, 2001. A certificate of service noting that the copy was hand-delivered accompanied the notice of appeal filed with the board. For the following reason, we conclude that the city's appeal was perfected at the time that the board received the copy of the notice of appeal.

{¶ 12} R.C. 307.56 provides that a party aggrieved by a decision of a board of county commissioners may appeal to a court of common pleas pursuant to R.C. Chapter 2506. Under R.C. 2506.01, every final order of a board may be reviewed by a common pleas court "as provided in Chapter 2505. of the Revised Code." An appeal from a final order of a board of commissioners is perfected when the aggrieved party or parties files, within 30 days, a notice of appeal with that board. R.C. 2505.04 and 2505.07. Under R.C. 2505.04, the only jurisdictional requirement is the filing of the notice of appeal.

{¶ 13} In *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113, the Supreme Court of Ohio was presented with the question whether the jurisdictional requirement of R.C. 2505.04 was met in an administrative appeal. In that case, the appellant filed her notice of appeal in the common pleas court and had a copy of that notice of appeal timely delivered to

the Board of the Lorain County Metropolitan Housing Authority by certified mail. Id. at 203, 12 O.O.3d 198, 389 N.E.2d 1113.

{¶ 14} The *Dudukovich* court noted that in order to be filed a notice must be actually delivered. Id., 58 Ohio St.2d at 204, 12 O.O.3d 198, 389 N.E.2d 1113. The court also observed that "no particular method of delivery is prescribed by the statute" and, therefore, determined that " 'any method productive of certainty of accomplishment' " is sufficient. Id, quoting *Columbus v. Upper Arlington* (C.P.1964), 31 O.O.2d 351, 353, 201 N.E.2d 305. Because the copy of the notice of appeal filed in the common pleas court was timely received by the board, the Ohio Supreme Court found that the appeal was perfected properly and that the court below had the jurisdiction to entertain the appellant's appeal. Id. at 205, 12 O.O.3d 198, 389 N.E.2d 1113.

{¶ 15} Appellate courts, including this court, are bound by decisions of the Ohio Supreme Court.[3] *Schlachet v. Cleveland Clinic Found.* (1995), 104 Ohio App.3d 160, 168, 661 N.E.2d 259; *Carswell v. Toledo Edison Co.* (1988), 53 Ohio App.3d 82, 84, 557 N.E.2d 1241. Thus, we conclude that the timely delivery of a copy of the city's notice of appeal to the board perfected the city's appeal and conferred subject-matter jurisdiction on the court of common pleas. Accord, *Hanson v. Shaker Hts.* 152 Ohio App.3d 1, 786 N.E.2d 487, 2003-Ohio-749; *Price v. Margaretta Twp. Bd. of Zoning Appeals,* 6th Dist. No. E–02–029, 2003-Ohio-221, 2003 WL 139782; *Genesis Outdoor Advertising, Inc. v. Deerfield Twp. Bd. of Zoning Appeals,* 11th Dist. No. 2001–P–0137, 2002-Ohio-7272, 2002 WL 31886723; *Berea Music v. Berea,* 8th Dist. No. 80897, 2002-Ohio-6639, 2002 WL 31722554. Consequently the township's first assignment of error on cross-appeal is not well taken.

{¶ 16} The township's second assignment of error on cross-appeal maintains that the trial court erred in finding that the signatures of a majority of the property owners in the territory to be annexed are valid. The township complains that upon the advice of legal counsel, the board refused to allow evidence that many of the landowners who signed the petition for annexation were forced to do so by to the covenants they signed at the time of the purchase of their property.

{¶ 17} One of the statutory requirements governing municipal annexations is found in R.C. 709.02(C)(1), which states that a majority of the property owners in the territory proposed for annexation must sign the petition for annexation. At the time of the first hearing on the city's petition, a number of the owners of single-family residences who were forced to sign the petition pursuant to cove-

---

3. We shall therefore disregard those cases cited by the township that are contrary to the rule set forth in *Dudukovich.*

nants raised objections to the annexation. As noted above, however, it is undisputed that the city amended its petition and deleted that portion of the territory in which those property owners resided. At the time of the second hearing, not one affected property owner objected to the proposed annexation. Thus, the common pleas court did not err in finding that the board did not commit error when it declined to address this issue at the second hearing on the city's petition for annexation. The township's second cross-assignment of error is not well taken.

{¶ 18} We now turn to the merits of the city's sole assignment of error. In that assignment, the city complains that the board and the common pleas court erred, as a matter of law, in finding that the general good of the territory would not be served by annexation. We will first discuss the law applicable to our determination of the case sub judice.

{¶ 19} When reviewing an administrative appeal brought pursuant to R.C. 2506.04, "the common pleas court considers the 'whole record,' * * * and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433. Our standard of review is, however, more limited in scope and requires that the common pleas court's decision be affirmed unless the court of appeals finds, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence. *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 613, 693 N.E.2d 219. Thus, this court cannot determine the weight of the evidence offered in the proceedings below. *CMK, Ltd. v. Lorain Cty. Bd. of Commrs.*, 9th Dist. No. 02CA008185, 2003-Ohio-5160, 2003 WL 22232384, at ¶ 7, citing *In re Annexation of 1,544.61 Acres* (1984), 14 Ohio App.3d 231, 233, 14 OBR 259, 470 N.E.2d 486.

{¶ 20} Former R.C. 709.033, as in effect at the time that the city filed its annexation petition,[4] governs annexations by a municipality. The statute provided that a county board of commissioners shall grant an annexation petition if it finds that (1) the territory included in the annexation petition is not unreasonably large, (2) the map or plat of the territory is accurate, and (3) the granting of the petition to annex will serve the general good of the annexed territory. Former R.C. 709.033(E), 1984 Sub.H.B. No. 175, 140 Ohio Laws, Part I, 2198.

{¶ 21} There is no dispute that, in this appeal, the city satisfied the first two prongs of the test set forth in R.C. 709.033(E). The city maintains, however,

---

4. The statute was amended by the General Assembly effective October 26, 2001.

that, as a matter of law, the decision of the board and the common pleas court on the third prong of the test is not supported by a preponderance of reliable, probative, and substantial evidence. Specifically, the city asserts that the board and the common pleas court failed to consider the wishes of the property owners seeking annexation and appeared to disregard the fact that the city could provide essential services, such as law enforcement and firefighting services, to the territory to be annexed.

{¶ 22} We start with the proposition that the purpose of the annexation statute is to encourage annexation. *Smith v. Granville Twp. Bd. of Trustees,* 81 Ohio St.3d at 613, 693 N.E.2d 219. Further, the duty of a board of county commissioners is not to decide what is best for the territory to be annexed; rather, the petition should be granted if it is merely good for that territory. *Moore v. Lake Cty. Bd. of Commissioners,* 11th Dist. No. 98–L–247, 2002-Ohio-2978, 2002 WL 1306048, at ¶ 16, citing *Smith v. Granville Twp. Bd. of Trustees,* 81 Ohio St.3d at 614, 693 N.E.2d 219. Thus, "the annexing municipality is required only to have adequate services, not superior ones." *Brahm v. Beavercreek Twp. Bd. of Twp. Trustees* (2001), 143 Ohio App.3d 205, 210, 757 N.E.2d 857.

{¶ 23} Some of the factors that are important in deciding whether it would serve the general good of the territory sought to be annexed are the services offered by the municipality and the commercial advantages that result from annexation. *Browning v. Sucher* (Dec. 7, 2001), 2d Dist. No. 18892, 2001 WL 1561952. The relative financial stability may also be a factor. *Essman v. Jefferson Twp. Bd. of Trustees* (March 23, 1994), 2d No. 14149, 1994 WL 95260. Furthermore, under the former version of the statute, the choice of the property owners seeking annexation is a key factor. *Smith v. Granville Twp. Bd. of Trustees,* 81 Ohio St.3d at 614, 693 N.E.2d 219. Issues such as city income taxes and the impact on schools cannot be considered. Id. at 614 and 616, 693 N.E.2d 219.

{¶ 24} In its judgment entry, the common pleas court held that the board had evidence before it "concerning the financial stability of the territories, the property taxes collected by the township as well as the property and income taxes by the city and the ability of the city of Sylvania to provide adequate services to the township territory proposed for annexation." The court also stated: "In addition, the Board relied upon the advice of a Lucas County Prosecutor in its interpretation of the legal issues at the hearings." Without stating the actual basis for its decision, the common pleas court then affirmed the decision of the board.

{¶ 25} In support of their petition for annexation, the city offered evidence, through the testimony of its chief of police, affidavits, and records, of the fact that it could provide necessary police and fire services to the territory that was sought to be annexed. On the other hand, the township contended that it could provide superior services in these areas due to faster response times (both police and fire services) and more manpower (police service). The township also claimed, through the affidavit of its road superintendent that the township offered better road services. However, nowhere in the record is there any evidence that the city could not provide adequate police, fire, and road services to the territory to be annexed. Both sides also offered affidavits and other materials that demonstrated that the city and the township are financially stable.

{¶ 26} Both parties offered evidence on the issue of taxes, and it appears that the court below impermissibly based its decision, in part, on the fact that the city has an income tax. Moreover, the board and the common pleas court apparently failed to take into consideration the fact that almost 60 percent of the property owners in the territory wanted to be annexed to the city and that no owner of property in the territory remaining after the deletion of the area containing the single-family residences objected to the annexation. Furthermore, it is clear that although, as the township argued, it may be able to provide "superior" police, fire, and road services, there was no evidence offered to demonstrate that the city's like services were inadequate. Accordingly, in considering the purpose of the annexation statute, we conclude, as a matter of law, that the board's decision finding that the general good of the territory would not be served by annexation is not supported by a preponderance of reliable, probative, and substantial evidence. The city's petition should have been granted, and its sole assignment of error is well taken.

{¶ 27} The judgment of the Lucas County Court of Common Pleas is reversed, and we order that the annexation petition be granted. The Sylvania Township Board of Trustees is ordered to pay the costs of this appeal. See App.R. 24.

Judgment reversed.

SINGER, P.J., and GLASSER, J., concur.

GEORGE M. GLASSER, J., retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.