JOHN ROBERTS MANAGEMENT CO., Appellant,

v.

VILLAGE OF OBETZ, Appellee.

[Cite as *John Roberts Mgt. Co. v. Obetz*, 188 Ohio App.3d 362, 2010-Ohio-3382.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–1103.

Decided July 20, 2010.

Kurt W. Sahloff, for appellant.

Wiles, Boyle, Burkholder & Bringardner Co., L.P.A., Eugene L. Hollins, and Brian M. Zets, for appellee.

KLATT, Judge.

{¶ 1} Appellant, John Roberts Management Corporation ("JRMC"), appeals from a judgment of the Franklin County Court of Common Pleas dismissing its appeal from a decision of the appellee, the village of Obetz ("the village"). For the following reasons, we reverse that judgment and remand the matter for further proceedings.

{¶ 2} JRMC operated a restaurant on property it owned in the village. At some point in 2008, the village's Inspector and Community Services Director noticed that the restaurant appeared to have ceased operations. Pursuant to Obetz Village Ordinance 1175.12(a)(2), the director concluded that the business was terminated and that the signs on the property had been abandoned. Accordingly, the director mailed JRMC a letter informing it that the signs on the property had been abandoned and had to be removed. Obetz Village Ordinance 1175.12(b). JRMC appealed the director's decision to the village's Planning and Zoning Commission. After a public hearing, the Planning and Zoning Commission affirmed the director's determination that the signs on JRMC's property had been abandoned and had to be removed.

{¶ 3} On July 23, 2009, JRMC timely filed a notice of appeal from the commission's decision with the village and with the Franklin County Court of Common Pleas. On the same day, JRMC also filed in the trial court another document that requested the village, pursuant to R.C. 2506.02, to prepare and file a complete transcript of the proceedings. None of these documents were filed with attached certificates of service.

{¶ 4} On September 18, 2009, the village filed a motion to dismiss the appeal. The village argued that because JRMC did not file a praecipe as required by R.C. 2506.02, the village did not file a transcript of the public hearing before the Planning and Zoning Commission. Therefore, the village asserted that the trial court had nothing to review and no authority to proceed. In response, JRMC pointed to its July 23, 2009 trial court filing, which, while not entitled a "Praecipe," in substance was a praecipe because it requested the village to prepare and file a transcript. The village claimed that while JRMC may have filed a document that could be interpreted as a praecipe, JRMC never served that document on the village. The village also contended that it never received that document, and therefore, it did not file a transcript of the public hearing before the Planning and Zoning Commission for the trial court to review. The village reiterated that without a transcript, the trial court could not hear the appeal.

{¶ 5} The trial court dismissed JRMC's appeal, but not for the reasons argued by the village. The trial court first concluded that JRMC filed what was, in substance, a praecipe as required by R.C. 2506.02. However, the trial court then noted that JRMC's notice of appeal and praecipe were both filed without attached certificates of service. The trial court concluded that it could not consider JRMC's appeal because both Civ.R. 5(D) and Franklin County Court of Common Pleas Loc.R. 19.01 prevent a court from considering documents filed without proof of service. Accordingly, the trial court dismissed the appeal.

{¶ 6} JRMC appeals and assigns the following errors:

[1.] The trial court erred in dismissing the ap[p]ellant's appeal when the appellant mailed to the appellee's lawyer, documents, including the ORC Section 2506.02 praecipe, and filed a proof of service with the court evidencing such service.

[2.] The trial court erred in dismissing the ap[p]ellant's appeal when the appellee had actual notice of the appeal and its requirements to file a record of the proceedings pursuant to ORC Section 2506.02.

[3.] The trial court erred in dismissing the ap[p]ellant's appeal when appellee was required to file a record of the administrative proceedings pursuant to ORC Section 2506.02, and the appellee had received the clerk's original briefing schedule requiring the appellee to file said record.

{¶ 7} Because JRMC's assignments of error all address the trial court's dismissal of its appeal, we will consider them together.

{¶ 8} While neither the village nor the trial court provided a clear legal theory for the dismissal of JRMC's appeal, the village now interprets the trial court's action as a dismissal for lack of subject-matter jurisdiction. We agree with that interpretation. The question of subject-matter jurisdiction is a question of law

that we review de novo. *Crosby–Edwards v. Ohio Bd. of Embalmers & Funeral Directors,* 175 Ohio App.3d 213, 2008-Ohio-762, 886 N.E.2d 251, ¶ 21; *Hills & Dales v. Ohio Dept. of Edn.,* 10th Dist. No. 06AP–1249, 2007-Ohio-5156, 2007 WL 2812988, ¶ 16.

{¶ 9} The trial court determined that because JRMC did not file its notice of appeal and praecipe with attached certificates of service, it could not consider those documents, and therefore, it lacked subject-matter jurisdiction over the appeal. To analyze that decision, we must review how a common pleas court acquires jurisdiction over an administrative appeal brought pursuant to R.C. Chapter 2506.

{¶ 10} Jurisdiction over an administrative appeal does not vest in a common pleas court unless and until an appeal is perfected. *Weatherholt v. Hamilton,* 1st Dist No. CA2007–04–098, 2008-Ohio-1355, 2008 WL 757528, ¶ 6. R.C 2505.04 establishes the requirements for the perfection of an R.C. Chapter 2506 appeal. *Russell v. Dublin Planning & Zoning Comm.,* 10th Dist. No. 06AP–492, 2007-Ohio-498, 2007 WL 351418, ¶ 15. When a right to appeal is conferred by statute, perfection of such an appeal is governed solely by that statute. *Hansford v. Steinbacher* (1987), 33 Ohio St.3d 72, 72–73, 514 N.E.2d 1385. R.C. 2505.04 provides as follows:

> An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. * * * After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional.

{¶ 11} Thus, under R.C. 2505.04, timely filing a notice of appeal with the appropriate administrative agency is the only jurisdictional requirement. *Russell* at ¶ 17, quoting *Woods v. Civ. Serv. Comm.* (1983), 7 Ohio App.3d 304, 305, 7 OBR 387, 455 N.E.2d 709; *In re Annexation of 259.15 Acres,* 159 Ohio App.3d 736, 2005-Ohio-1027, 825 N.E.2d 238, ¶ 12. The village concedes that JRMC timely filed its notice of appeal with the village. Thus, JRMC properly perfected its appeal, pursuant to R.C. 2505.04, and, as a result, the trial court acquired subject-matter jurisdiction over the appeal. *Russell.*

{¶ 12} Nevertheless, the village contends that JRMC's failure to file its notice of appeal in the trial court with an attached certificate of service deprived the trial court of subject-matter jurisdiction over the appeal. In support, the village relies on this court's opinion in *Enyart v. Columbus Metro. Area Community Action Org.* (Sept. 6, 1994), 10th Dist. No. 93APE12–1658, 1994 WL 485753. The village's reliance on *Enyart* is misplaced.

{¶ 13} In *Enyart*, the plaintiff filed a lawsuit against his former employer in the Franklin County Court of Common Pleas. The trial court referred the matter to a panel of arbitrators, who ruled in favor of the plaintiff. The defendant filed a notice of appeal of the arbitrator's report and award in the trial court. That notice did not contain an attached certificate of service. Eventually, the trial court granted defendant's motion for summary judgment. Plaintiff appealed, and this court reversed, concluding that "the trial court's action on [defendant's] motion for summary judgment was improper because the arbitration report and award was never properly appealed." Id. We determined that defendant's notice of appeal was incomplete because it lacked an attached certificate of service and that pursuant to Civ.R. 5(D) and Franklin County Court of Common Pleas Loc.R. 19.01, the trial court could not consider the defendant's appeal. Therefore, we reversed the trial court's summary-judgment decision and entered judgment in favor of the plaintiff pursuant to the arbitrator's award. See Franklin County Court of Common Pleas Loc.R. 103.13 ("The report and award, unless appealed from, shall be final. If no appeal is taken within the time and in the manner specified, the Court shall enter judgment on such award").

{¶ 14} *Enyart* is distinguishable from the case at bar. *Enyart* did not involve an R.C. 2505.06 appeal. In addition, the defendant in *Enyart* failed to properly perfect its appeal under the applicable law. Here, for the reasons previously noted, JRMC properly perfected its appeal, pursuant to R.C. 2505.04, when it timely filed its notice of appeal with the village. *Russell,* 2007-Ohio-498, 2007 WL 351418. Therefore, *Enyart* is not controlling. JRMC's noncompliance with Civ.R. 5(D) or Loc.R. 19.01 does not affect the trial court's subject-matter jurisdiction over this administrative appeal.

{¶ 15} Accordingly, the trial court had subject-matter jurisdiction over JRMC's appeal and erred by concluding otherwise.

{¶ 16} It appears that the trial court may also have found that it lacked jurisdiction over this appeal based upon JRMC's failure to file a praecipe with an attached certificate of service. R.C. 2506.02 provides that the administrative agency from which an appeal is taken shall prepare and file a complete transcript within 40 days after the filing of a notice of appeal "upon the filing of a praecipe." The appellant must file the praecipe with the administrative agency. *Beuck v. Elyria* (Oct. 30, 1985), 9th Dist. No. 3889, 1985 WL 10908; *Rodzen v. Warren City Health Dept.* (Mar. 20, 1987), 11th Dist. No. 3633, 1987 WL 8230. The praecipe must be filed within 40 days of the filing of the notice of appeal. *Neague v. Worthington City School Dist.* (1997), 122 Ohio App.3d 433, 438–439, 702 N.E.2d 107.

{¶ 17} JRMC argues that it filed a praecipe with the administrative agency when it served the village with its October 1, 2009 trial court filing, which

included a copy of the praecipe as an attachment. The village concedes that it received the praecipe, but argues that the trial court could not consider the praecipe because it was not filed with an attached certificate of service. As noted, both Civ.R. 5(D) and Loc.R. 19.01 provide that a trial court shall not consider papers filed or delivered to the court unless and until proof of service is established. However, R.C. 2506.02 requires JRMC to file a praecipe with the village, not the trial court. *Rodzen*. Therefore, whether or not JRMC filed the praecipe with an attached certificate of service in the trial court (and whether or not the trial court could consider such a filing) is not relevant to determining whether JRMC properly filed the praecipe with the village as required by R.C. 2506.02.

{¶ 18} Assuming without deciding that JRMC's October 1, 2009 mailing of the praecipe to the village constitutes the "filing" of a praecipe for purposes of R.C. 2506.02, it occurred more than 40 days after JRMC filed its notice of appeal and therefore was untimely. However, this court has held that the failure to timely file a praecipe is not a jurisdictional defect. *Neague*, 122 Ohio App.3d at 439–440, 702 N.E.2d 107 (holding that the failure to timely file a praecipe is not a jurisdictional defect); see also *Kertes v. Planning Zoning Comm. of Orange Village* (1990), 71 Ohio App.3d 151, 153, 593 N.E.2d 306 (untimely filing of praecipe a procedural deficiency that did not warrant dismissal of appeal); *State ex rel. Thompson v. Hodgkiss* (June 15, 2000), 8th Dist. No. 77203, 2000 WL 777009 (noting that failure to timely file praecipe not a sufficient basis for dismissing appeal).

{¶ 19} Moreover, even if JRMC's October 1, 2009 mailing of the praecipe did not constitute a "filing," the only jurisdictional requirement in an R.C. Chapter 2506 appeal is the proper filing of the notice of appeal. *Russell*, 2007-Ohio-498, 2007 WL 351418. Indeed, R.C. 2505.04 states that "no step required to be taken subsequent to the perfection of the appeal is jurisdictional." This court has also noted that the procedural requirements in R.C. 2506.02 are necessary but not jurisdictional. *Neague* at 440, 702 N.E.2d 107, citing *Sapp v. Franklin Twp. Bd. of Trustees* (Sept. 24, 1974), 10th Dist. No. 74AP–132, 1974 WL 184323; see also *Planck v. Auglaize Soil & Water Conservation Dist.* (Sept. 2, 1999), 3d Dist. No. 2–99–11, 1999 WL 693159. Therefore, regardless of whether appellant timely filed its praecipe with the village, the trial court had jurisdiction over the appeal.

{¶ 20} JRMC properly perfected its appeal by filing its notice of appeal with the village and, consequently, vested the trial court with jurisdiction over its appeal. Neither JRMC's noncompliance with Civ.R. 5(D) and Loc.R. 19.01, nor the issues raised in connection with the R.C. 2506.02 praecipe, deprived the trial court of jurisdiction. Because the trial court has subject-matter jurisdiction over JRMC's appeal, it erred by dismissing the appeal on that basis. Accordingly,

JRMC's three assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas is reversed. We remand this case to that court for further proceedings.

{¶ 21} On remand, the trial court must determine: (1) whether the village's receipt of the praecipe as an attachment to another document constitutes a filing, (2) if so, whether the untimely filing of the praecipe relieved the village of the obligation to provide a transcript of the underlying administrative proceedings, and (3) if the village is not required to file a transcript, what impact that has on the appeal.

Judgment reversed<br>and cause remanded.

FRENCH and MCGRATH, JJ., concur.