[Cite as *John Roberts Mgt. Corp. v. Village of Obetz*, 2013-Ohio-5395.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John Roberts Management Corporation, | : | |
| Appellant-Appellee, | : | |
| | : | No. 13AP-259 |
| v. | : | (C.P.C. No. 09CVF-07-11019) |
| Village of Obetz, Ohio, | : | (REGULAR CALENDAR) |
| Appellee-Appellant. | : | |

D E C I S I O N

Rendered on December 10, 2013

*Kurt W. Sahloff*, for appellee.

*Isaac Wiles Burkholder & Teetor*, *LLC*, *Eugene L. Hollins*, and *Brian M. Zets*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Appellee-appellant, Village of Obetz ("village"), appeals from the February 26, 2013 decision of the Franklin County Court of Common Pleas, which issued a decision in favor of appellant-appellee, John Roberts Management Corporation ("JRMC"), and remanded the cause for further hearings before the Village Planning and Zoning Commission ("commission").

## I. BACKGROUND

{¶ 2} We first heard an appeal in this matter in the case of *John Roberts Mgt. Co. v. Village of Obetz,* 188 Ohio App.3d 362, 2010-Ohio-3382 (10th Dist.). In our decision, we reversed the decision of the trial court, which dismissed JRMC's appeal of the commission's decision for lack of subject-matter jurisdiction. On remand, we instructed

the trial court to determine several issues, and on November 7, 2012, the trial court issued a "Decision and Entry and Order," requiring the parties to file briefs on the merits and ordered the village to file the transcript of proceedings of the hearing before the commission.

{¶ 3}   Based on the parties' briefs, the trial court issued a decision on February 26, 2013.  In its decision, the trial court noted the record demonstrates that JRMC admitted it was in violation of Obetz Village Ordinance 1175.12(a)(2), entitled "Abandoned Signs," but that "there are no facts upon which the [village] can base its determination regarding the issue as to whether the signs in question are a public nuisance."  (Feb. 26, 2013 Decision and Entry, 6.) Relying on *Marathon Oil Co. v. Bd. of Zoning Adjustment,* 44 Ohio App.2d 402 (10th Dist.1975), the trial court held that "under Ohio law, the Village of Obetz cannot conclusively presume that merely by virtue of the fact that property is abandoned, that the signs are inherently a public nuisance."  (Feb. 26, 2013 Decision and Entry, 6.)

{¶ 4}   The trial court did not grant judgment to either party but, instead, reversed the decision of the commission, holding the village "did not give [JRMC] due process to be heard on the issue of whether the signs were, in fact, a public nuisance" and remanded the case for the "Village of Obetz" to conduct a factual hearing and determine "whether the signs in question are a public nuisance."  (Feb. 26, 2013 Decision and Entry, 6, 7.)

{¶ 5}   This appeal followed, and on November 19, 2013, this court instructed the parties to file simultaneous briefs to address whether "the order of the trial court, which reversed the decision of the Village of Obetz Planning and Zoning Commission and remanded the case for the commission to conduct a factual hearing and determine 'whether the signs in question are a public nuisance,' [is] a final appealable order?" (November 19, 2013 Journal Entry.)  The village argues in their supplemental brief that, under R.C. 2505.02(B)(1) and/or (3), the trial court's decision is a final, appealable order. JRMC asserts the trial court's decision did not prevent a future judgment on the merits against either party and, therefore, is not a final, appealable order.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}   The first three assignments of error are confined to the trial court's November 7, 2012 interlocutory decision, which determined that JRMC had properly filed a praecipe.  The fourth and fifth assignments of error are confined to the trial court's

February 26, 2013 decision on the merits, also discussed above. Accordingly, the village presents the following assignments of error for our review:

> [I.] The trial court erred when it determined JR Management filed its praecipe with the Village of Obetz Planning and Zoning Commission by merely attaching a copy of the praecipe to its October 1, 2009 memo contra and serving the memo contra on the Village's attorney.
>
> [II.] The trial court erred when it determined JR Management timely filed a praecipe, and then determined the Village of Obetz was required to file a transcript of the underlying administrative proceedings.
>
> [III.] The trial court erred when it failed to consider the impact of the Village of Obetz not having to provide a transcript.
>
> [IV.] The trial court erred when it determined the Village of Obetz had an obligation to provide JR Management with the opportunity to be heard on the issue of whether the signs in question were a public nuisance because they were abandoned, and then remanded the matter to the Village of Obetz Planning and Zoning Commission.
>
> [V.] The trial court erred when it failed to address whether the Planning and Zoning Commission's decision was arbitrary, capricious, unreasonable or unsupported by a preponderance of the substantial, reliable, and probative evidence, and then determine it was not.

## III. DISCUSSION

{¶ 7} Before addressing the merits of the village's assignments of error, we must first address whether the February 2, 2013 Decision and Entry of the Franklin County Court of Common Pleas is a final, appealable order.

{¶ 8} "Pursuant to Ohio Constitution, Article IV, Section 3(B)(2), this court's appellate jurisdiction is limited to the review of final orders of lower courts." *Cooper State Bank v. Columbus Graphics Comm.*, 10th Dist No. 11AP-1069, 2012-Ohio-3337, ¶ 4; *Best v. Ohio State Real Estate Comm.*, 10th Dist. No. 13AP-677, ¶ 2 (Nov. 19, 2013) (memorandum decision). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306. "A trial court's order is final and appealable only if it satisfies the requirements of

R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Cooper State Bank* at ¶ 4, citing *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999).

{¶ 9} When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. "First, we must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, we must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay." *Id.* at ¶ 5, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989) . Civ.R. 54(B) does not alter the requirement that an order or judgment must be final before it is appealable. *Id.*

{¶ 10} R.C. 2505.02(A) defines a final order and provides, in pertinent part:

> (1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
>
> (2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
>
> (3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
>
> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 11} In the present case, the trial court held "there are no facts upon which the [village] can base its determination regarding the issue as to whether the signs in question are a public nuisance." (Feb. 26, 2013 Decision and Entry, 6.) The trial court reversed the decision of the commission, holding the village "did not give [JRMC] due process to be heard on the issue of whether the signs were, in fact, a public nuisance" and remanded the case for the "Village of Obetz" to conduct a factual hearing and determine "whether the signs in question are a public nuisance." (Feb. 26, 2013 Decision and Entry, 6, 7.)

{¶ 12} "As a general rule, a remand * * * to an administrative agency for findings of fact and conclusions of law is not a final order." *Best* at ¶ 4, citing *Cooper State Bank* at ¶ 7. The village argues, because the trial court's decision addressed JRMC's constitutional claims and "granted a *de novo* trial," the order was final and appealable under R.C. 2505.02(B)(1) and/or (3), and the general rule does not apply.

{¶ 13} A review of the record reveals the trial court's February 26, 2013 decision does not dispose of the whole case or a separate and distinct branch of this case in a manner that "prevents a judgment" as either party is still capable of prevailing on the merits. R.C. 2505.02(B)(1). Nor did the trial court order, vacate or set aside a judgment or grant a new trial. Instead, the trial court remanded the case for "the sole purpose" of a factual hearing to determine if the signs constituted a public nuisance. (Feb. 26, 2013 Decision and Entry, 7.)

{¶ 14} Based upon the foregoing, we find the order from which appellant seeks to appeal is not a final, appealable order. Therefore, we lack jurisdiction to hear this appeal.

## IV. CONCLUSION

{¶ 15} Because we have concluded jurisdiction is lacking in this case, we sua sponte dismiss the appeal.

*Appeal sua sponte dismissed.*

BROWN and T. BRYANT, JJ., concur.

**T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).**

_____