[Cite as *Martin v. Cuyahoga Cty. Prosecutor*, 2015-Ohio-4589.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102628

# NATHANIEL MARTIN

### PLAINTIFF-APPELLANT

vs.

# CUYAHOGA COUNTY PROSECUTOR, ET AL.

### DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-832484

**BEFORE:**  McCormack, J., E.A. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**  November 5, 2015

**FOR APPELLANT**

Nathaniel Martin, pro se
15106 Euclid Ave., Apt. 4
East Cleveland, OH 44112


**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecuting Attorney

By: Barbara R. Marburger
Assistant County Prosecutor
1200 Ontario Street
Justice Center, 8th Floor
Cleveland, OH 44113

TIM McCORMACK, J.:

**{¶1}** Plaintiff-appellant Nathaniel Martin appeals the judgment of the trial court dismissing his administrative appeal. For the reasons that follow, we affirm the decision of the trial court.

### Procedural History and Substantive Facts

**{¶2}** Nathaniel Martin was employed as a courier with the Cuyahoga County Prosecutor's Office ("prosecutor's office") and simultaneously held the elected public office of councilman for the city of East Cleveland. In April 2013, the prosecutor's office established a revised political activity protocol, as outlined in R.C. 124.57, that going forward would prohibit employees from seeking or holding elected office while simultaneously maintaining employment within the prosecutor's office. The record reflects that Martin was aware of this new policy. He signed an acknowledgment regarding the revised policy. He agreed to follow the revised political activity rules. This revised policy permitted Martin to serve out his term. He was, however, required to resign his position within the prosecutor's office should he file petitions with the board of elections as a candidate for re-election as councilman. In fact, Mr. Martin did file petitions for re-election for city council without resigning from the prosecutor's office.

**{¶3}** On January 10, 2014, Martin was issued an order of removal from his position as courier with the prosecutor's office, which order stated was for violation of the office's political activity protocol and for "failure of good behavior" in violation of the prosecutor's office discipline policy of the employment policy manual. According to

the order of removal, Martin filed petitions as a candidate for re-election. Further, he signed and filed finance report records with the Cuyahoga County Board of Elections indicating that he had solicited and/or received financial contributions for candidacy for public office, in violation of R.C. 124.57, because he failed to resign his position within the prosecutor's office. Martin was thereafter terminated, effective January 10, 2014.

{¶4} On January 16, 2014, Martin timely appealed his termination to the Cuyahoga County Personnel Review Commission ("the commission"). Following a hearing, the hearing officer issued a report and recommendation, finding the prosecutor's order of removal was the appropriate discipline and recommending the termination be affirmed. Martin filed objections to the hearing officer's recommendation, to which the prosecutor's office responded. On August 11, 2014, following a review of the record, the commission issued a final order, affirming and adopting the hearing officer's report and recommendation.

{¶5} The commission's final order included a section entitled "Notice" that provided instructions on Martin's rights to appeal its order should he so choose. The Notice stated as follows:

> Where applicable, this Order may be appealed to the Common Pleas Court of Cuyahoga County pursuant to Ohio Revised Code Ch. 2506. Any party desiring to appeal from this Order shall file a written Notice of Appeal with the Cuyahoga County Personnel Review Commission no later than thirty (30) days after the Commission's entry of its decision, and shall also file the Notice of Appeal with the Clerk of the Common Pleas Court within that same time period.

> * * *

Notice of Appeal must be filed with the Cuyahoga County Personnel Review Commission on or before: September 10, 2014.

{¶6} On September 9, 2014, Martin filed a Notice of Appeal of the commission's final order with the Cuyahoga County Court of Common Pleas. The notice filed with the court stated that copies of the notice of appeal were served on September 9, 2014, to the commission as well as the Cuyahoga County prosecutor. However, the record shows that Martin hand-delivered a notice of appeal separately to Rebecca Kopcienski, the commission's administrator, and a notice of appeal to Barbara R. Marburger, counsel of record for the prosecutor's office, on September 16, 2014. Kopcienski stated that the commission has no record of receiving notice of Martin's appeal on or before September 10, 2014. Marburger stated that the copy of the notice of appeal she received on September 16 was the first and only copy of Martin's appeal that she received from Martin. Martin provides that he attempted to serve the commission on September 9, however, "no one was there to receive and stamp my request for appeal."

{¶7} On September 25, 2014, the prosecutor's office filed a motion to dismiss Martin's administrative appeal for want of jurisdiction, stating that Martin failed to timely perfect his appeal because he did not submit his notice of appeal to the commission by September 10, 2014. The record demonstrates that the prosecutor's motion was unanswered and categorized as unopposed. On January 20, 2015, the trial court granted the motion to dismiss. The court found that Martin did not timely perfect his appeal and, therefore, the trial court did not have jurisdiction to entertain his appeal.

**{¶8}** Thereafter, on February 9, 2015, Martin filed a motion to reconsider the trial court's granting of the motion to dismiss. In his motion, Martin submits that when he attempted to file his notice of appeal with the commission on September 9, there was no one available in the office to accept his appeal and he "filed the very next time he could find someone in the office on September 16, 2014." Martin also filed an appeal of the trial court's order of January 20, 2015, with this court. This court, however, remanded the matter to the trial court for purposes of allowing the trial court to consider Martin's motion for reconsideration. On March 20, 2015, the trial court denied Martin's motion for reconsideration.[1] Martin's original appeal was reinstated.

Assignments of Error

**{¶9}** On appeal, Martin lists several statements as "Assignments of Error":

The trial court erred to the substantial prejudice of Appellant by not ruling on the substance of this case in violation of 124.57. Prohibition against partisan political activity.

*This statute has been construed as prohibiting an officer or employee in the classified service of the state or a civil service township from being elected to a public office in a partisan election or accepting a party.*

Sponsored appointment to a public that is normally filled by a partisan election. (fn3) See rule 123:1-46-02 ©;2001 op. atty gen. No.2001-034 @ 2-202. R.C. 124.57 does not however prohibit such a classified officer in a non-partisan that is normally filled by non-partisan election 2001 op.atty gen No. 2001-034 @ 2-203; see rule 123:1-46-02©

---

[1]Upon remand, the trial court scheduled a hearing on Martin's motion for reconsideration. The hearing was converted to an attorney conference; however, the parties were unable to reach a settlement. Thereafter, the trial court reviewed the pleadings and the record and it considered the motion pursuant to the limited remand instructions of this court, ultimately denying Martin's motion.

> Trial court erred the trial court decision violate me first amendment right to run for public office. I have a property interest in my continued employment protected by the due process clauses of the 5th and 14th amendments.
>
> The Cuyahoga county Personnel Review Commission erred by never speaking to the heart of the matter Ohio State Law (124.57). Non-Partisan.
>
> Further I was forced to file my appeal in this matter with the Cuyahoga County Court of Common Pleas because no one was available on September 9, 2014 at the Cuyahoga County Personnel Review Commission for the record this entity was prejudice against Appellant. I asked the Honorable Court to listen to the audio tape of the hearing it speaks for itself.

(Emphasis sic.)

{¶10} App.R. 12(A) instructs this court to determine the merits of appeals "on assignments of error set forth in the briefs required by Rule 16." App.R. 12(A) further provides that "errors not specifically pointed out in the record and separately argued by brief may be disregarded" by the reviewing court. *N. Coast Cookies v. Sweet Temptations*, 16 Ohio App.3d 342, 343, 476 N.E.2d 388 (8th Dist.1984). The Assignments of Error should therefore designate specific rulings that the appellant challenges on appeal or the appeal could be dismissed. *Id.*

{¶11} Here, Martin fails to provide arguments with regard to his proposed "assignments of error" or designate the specific rulings he challenges. In the interest of responsiveness and fairness, however, we will review Martin's appeal.

Standard of Review

{¶12} This appeal concerns the jurisdiction of the common pleas court and its application of the filing deadlines of an administrative appeal and therefore involves a question of subject matter jurisdiction. The issue of subject matter jurisdiction is a

question of law that we review de novo. *Jacobs v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 102248, 2015-Ohio-2278, ¶ 10, citing *Bank of Am. v. Macho*, 8th Dist. Cuyahoga No. 96124, 2011-Ohio-5495, ¶ 7.

Administrative Appeals

{¶13} The trial court dismissed Martin's administrative appeal because it found that Martin had failed to timely perfect his appeal and, therefore, the trial court was without jurisdiction to entertain the appeal. Martin essentially argues that the trial court erred by not ruling "on the substance of the case" when it dismissed his administrative appeal.

{¶14} In Ohio, the General Assembly enacted R.C. 2506.01, which authorizes an administrative appeal. *AT&T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, 969 N.E.2d 1166, ¶ 9, citing *In re Incorporation of Carlisle Ridge Village*, 15 Ohio St.2d 177, 180-182, 239 N.E.2d 26 (1968). The statute provides that an administrative agency's final order "may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *." R.C. 2506.01(A).

{¶15} In order to perfect an administrative appeal, a party must file "a written notice of appeal * * * with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." R.C. 2505.04. Further, the notice must also be filed with the common pleas court. *Golden v. Cleveland*, 8th Dist. Cuyahoga No.

91169, 2008-Ohio-5999, ¶ 13. The notice of appeal must be filed within 30 days after the administrative body enters its final order. R.C. 2505.07.

{¶16} When the right to appeal is conferred by statute, as in an administrative appeal, the appeal can be perfected only in the manner prescribed by the applicable statute. *Jacobs*, 8th Dist. Cuyahoga No. 102248, 2015-Ohio-2278, at ¶ 13, citing *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 14. And the court of common pleas does not have jurisdiction over an administrative appeal "'unless and until an appeal is perfected.'" *AT&T Communications of Ohio* at ¶ 17, quoting *John Roberts Mgt. Co. v. Obetz*, 188 Ohio App.3d 362, 2010-Ohio-3382, 935 N.E.2d 493, ¶ 11 (10th Dist.).

{¶17} Here, the commission issued its final order on August 11, 2014. In its order, the commission advised Martin that should he wish to appeal the commission's final order, the notice of appeal must be filed with the commission and the common pleas court by September 10, 2014. The record shows that although Martin filed his notice of appeal with the common pleas court on September 9, he did not serve the notice on the commission until September 16, which was six days past the filing deadline. Because Martin's appeal was not timely perfected, the trial court was without jurisdiction to hear the matter on the merits. The trial court, therefore, did not err when it dismissed Martin's administrative appeal.

{¶18} Martin's "assignments of error" are overruled.

{¶19} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR