COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| RUSSELL PENNELL, et al. | : | JUDGES: |
|  | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiffs-Appellants | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15 CAH 09 0074 |
|  | : |  |
| BROWN TOWNSHIP, DELAWARE | : |  |
| COUNTY, OHIO, et al. | : |  |
|  | : | O P I N I O N |
| Defendants-Appellees |  |  |




CHARACTER OF PROCEEDING:     Civil appeal from the Court of Common
                            Pleas, Case No.  15 CVH 06 0392



JUDGMENT:                   Affirmed



DATE OF JUDGMENT ENTRY:     April 21, 2016



APPEARANCES:

For Plaintiffs-Appellants              For Defendants-Appellees

DAVID A. ISON                          CAROL HAMILTON O'BRIEN
10 Village Pointe Drive                DELAWARE COUNTY PROSECUTOR
Post Office Box 1108                   MARK W. FOWLER
Powell, Ohio  43065-1108               ASSISTANT PROSECUTING ATTORNEY
                                       140 North Sandusky Street, 3rd Floor
                                       Delaware, Ohio  43015

*Wise, J.,*

{¶1} Plaintiffs-Appellants Russell Pennell and Heather Pennell appeal the August 25, 2015, decision of the Court of Common Pleas, Delaware County, which granted the Civ.R. 12(B) Motion to Dismiss filed by Defendants-Appellees Brown Township, Brown Township BZA, and Zoning Inspector Susan Kuba.

## STATEMENT OF THE FACTS AND CASE

{¶2} In August, 2014, Appellants Russell and Heather Pennell acquired and became the owners of real property known as 4690 Cackler Road, Delaware, Ohio 43015, Parcel No. 518-100-01-067-000, in Brown Township, Delaware County, Ohio. Pennell's property consists of a residence, barn, structures, pond and other improvements on 5.17 acres of land, more or less.

{¶3} Prior to purchasing the Cackler Road property, Appellants cultivated and marketed nursery stock and continued to do so after moving onto the property.

{¶4} Appellants were cited by the Brown Township Zoning Inspector for violating the Township's Zoning Resolution for operating an unpermitted and prohibited landscaping business on their residential property. In response, Appellants filed for a conditional use permit seeking to continue their business operations on the property.

{¶5} On June 10, 2015, the Brown Township Board of Zoning Appeals ("BZA") conducted an administrative hearing on the application and, after private deliberation, voted in public to deny the application.

{¶6} Appellants did not file an administrative appeal to the court of common pleas, but instead filed an original action seeking an order prohibiting the Township from enforcing its Zoning Resolution and for monetary damages.

**{¶7}**     In their Complaint, Appellants alleged: 1) they are the subjects of targeted enforcement by the Township and Inspector; 2) procedural errors occurred at the BZA hearing on the application;  3) the BZA improperly deliberated in executive session at the hearing and the executive session was not held for one of the authorized purposes contained in R.C. § 121.22(0)(1)-(8); and, 4) the Inspector and BZA "acted in an arbitrary, capricious, and unreasonable manner ... applying the zoning resolutions, conducting the Hearing, and deciding the Formal Action."

**{¶8}**     On July 17, 2015, Appellees filed a Motion to Dismiss pursuant to Civ.R. 12(B)(1) and (6).

**{¶9}**     On July 31, 2015, Appellants filed a Memorandum Contra.

**{¶10}** On August 7, 2015, Appellees filed a Reply to Appellants' Memorandum Contra.

**{¶11}** By Judgment entry filed August 25, 2015, the trial court granted Appellees' motion to dismiss

**{¶12}** Appellants now appeal, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

**{¶13}** "I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

**{¶14}** "II. THE TRIAL COURT ERRED WHEN IT CONSIDERED MATERIAL NOT SUPPORTED BY AFFIDAVIT OR OTHER EVIDENCE.

**{¶15}** "III. THE TRIAL COURT ERRED WHEN IT FAILED TO CONSTRUE FACTS UNOPPOSED BY CONTRARY AFFIDAVIT OR OTHER EVIDENCE FOR THE NON-MOVING PARTY."

**I.**

{¶16} In their First Assignment of Error, Appellants argue that the trial court erred in dismissing their Complaint for lack of subject matter jurisdiction. We disagree.

{¶17} In the case *sub judice*, the trial court granted Appellees' motion to dismiss pursuant to Civ.R. 12(B)(1), finding that it did not have jurisdiction to hear Appellants' Complaint for Declaratory Relief.

{¶18} When a party files a Civ.R. 12(B)(1) motion to dismiss, the trial court must decide "whether the complaint contains allegations of a cause of action that the trial court has authority to decide." *Bank of Am. v. Macho,* 8th Dist. Cuyahoga No. 96124, 2011– Ohio–5495, ¶ 7. Unlike a motion to dismiss premised on Civ.R. 12(B)(6), the trial court is not confined to the allegations of the complaint, but may consider any " 'material pertinent to such inquiry.' " *Id.,* quoting *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.,* 48 Ohio St.2d 211, 358 N.E.2d 526 (1976).

{¶19} This court reviews the trial court's decision de novo. *Revocable Living Trust of Mandel v. Lake Erie Util. Co.,* 8th Dist. Cuyahoga No. 97859, 2012–Ohio–5718, ¶ 17, citing *Mellion v. Akron City School Dist. Bd. of Edn.,* 9th Dist. Summit No. 23227, 2007– Ohio–242, ¶ 6, citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health,* 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist.2000). That means this Court engages in an independent review without deference to the trial court's decision. *Id.*

<u>Subject Matter Jurisdiction</u>

{¶20} " 'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits' and 'defines the competency of a court to render a valid judgment in a particular action.' " *Cheap Escape Co. v. Haddox, L.L.C.,* 120 Ohio St.3d

493, 900 N.E.2d 601, 2008–Ohio–6323, ¶ 6, quoting *Morrison v. Steiner,* 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). Because a court without subject-matter jurisdiction lacks the power to adjudicate the merits of a case, parties may challenge jurisdiction at any time during the proceedings. *Pratts v. Hurley,* 102 Ohio St.3d 81, 806 N.E.2d 992, 2004–Ohio–1980, ¶ 11. Whether a trial court possessed subject-matter jurisdiction is a question of law which we consider de novo. *John Roberts Mgt. Co. v. Obetz,* 188 Ohio App.3d 362, 935 N.E.2d 493, 2010–Ohio–3382, ¶ 8 (10th Dist.).

**{¶21}** Article IV, Section 4(B) of the Ohio Constitution provides, "The courts of common pleas * * * shall have * * * such powers of review of proceedings of administrative officers and agencies as may be provided by law."

**{¶22}** Here, it is undisputed that the Brown Township BZA is an administrative body. "Those who seek relief from a board of zoning appeals' decision must, pursuant to R.C. 2506.01, appeal to a court of common pleas." *Kasper v. Coury,* 51 Ohio St.3d 185, 186, 555 N.E.2d 310, 311 (1990)

**{¶23}** R.C. §2506.01(A) states:

Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

**{¶24}** As used in R.C. §2506.01(A), "final order, adjudication, or decision" means "an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person." R.C. §2506.01(C).

**{¶25}** A common pleas court does not acquire subject-matter jurisdiction over the appeal unless and until the appeal is perfected. *AT & T Communications of Ohio, Inc. v. Lynch,* 132 Ohio St.3d 92, 969 N.E.2d 1166, 2012–Ohio–1975. When a statute confers the right to appeal, an appeal can be perfected only in the manner prescribed by the applicable statute. *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.,* 128 Ohio St.3d 471, 946 N.E.2d 215, 2011–Ohio–1604, ¶ 14. Where a party appeals pursuant to R.C. §2506.01, R.C. §2505.04 and §2505.07 govern the manner in which the party must perfect the appeal. According to R.C. §2505.04, administrative appeals are "perfected when a written notice of appeal is filed * * * with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."

**{¶26}** R.C. §2505.07 prescribes the time period for perfecting an appeal and provides, "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days." Failure to file a written notice of appeal with the instrumentality involved within 30 days of the entry of a final order deprives a common pleas court of subject-matter jurisdiction over the appeal.

**{¶27}** In the case *sub judice*, the Brown Township Zoning Inspector issued written notice of the BZA's decision to Appellants in a letter dated June 11, 2015.  Subsequently,

on June 16, 2015, the Brown Township Zoning Inspector sent a corrected notice[1]. Using

the latest date of June 16, 2015, Appellant had until July 16, 2015, to appeal the decision

of the BZA to the Court of Common Pleas pursuant to R.C. 2506.01.

{¶28} Appellants herein argue that June 10, 2015, BZA hearing was a public

meeting and not a quasi-judicial administrative hearing. Appellants further argue that

the BZA held an unlawful executive session in violation of the Open Meeting Act.

{¶29} In order for an administrative act to be appealable under R.C. §2506.01

such act must be the product of quasi-judicial proceedings. It, therefore, becomes

necessary to ascertain whether the administrative action taken by the board here was

the result of quasi-judicial proceedings.

{¶30} In the case of *Englewood v. Daily* (1965), 158 Colo. 356, 361, 407 P.2d 325,

327, it was said that in deciding whether an act by an administrative agency is quasi-

judicial the '* * * most common test is to determine whether the function under

consideration involves the exercise of discretion and requires notice and hearing,' all

elements being required to constitute a quasi-judicial act.

{¶31} In *Zangerle v. Evatt, supra*, 139 Ohio St. 563, at page 571, 41 N.E.2d at

page 373, Turner, J., stated that:

{¶32} '* * * the various states, including Ohio, in establishing regulatory

commissions, provided that the investigations by state boards and commissions should

be in the nature of legal proceedings, including notice, hearing and opportunity to

---

[1] The first notice included the wrong Ohio Revised section, stating that Appellants had the right to appeal pursuant to R.C. 2501 instead of R.C. 2506. The second notice also cited to the relevant Brown Township Zoning resolutions.

introduce testimony through witnesses. Thus these boards and commissions came to be known as possessing quasi-judicial functions.'

**{¶33}** Judge Williams, in a concurring opinion in Zangerle, noted that the term, quasi-judicial, '* * * signifies, that the administrative boards, from which an appeal may be taken act similarly to a court, to wit, witnesses are examined, a hearing is had and a finding or decision made all in accordance with statutory authority.'

**{¶34}** Upon review, we find that the BZA hearing in this matter was a quasi-judicial hearing and not an open meeting. Here, the BZA scheduled and sent notice of a hearing to Appellants and nearby property owners to consider Appellants' application for a conditional use. At the hearing, members of the public presented testimony in support or in opposition to the conditional use. After hearing the testimony and reviewing the evidence presented, the Board deliberated and then presented their decision denying same.

**{¶35}** Based on the foregoing, we find that the hearing was quasi-judicial and not an open meeting, as argued by Appellants.

**{¶36}** With respect to the zoning board's recess into executive session to discuss the conditional-use application, we find no Open Meeting Act violation. The action of a board of zoning appeals in reviewing an application for conditional use is a quasi-judicial function. *Goff–Knight v. Bd. of Zoning Appeals of Liberty Twp.,* 5th Dist. No. 03CAH08042, 2004 WL 3465744 (June 14, 2004). The Sunshine Laws do not apply to deliberations on such applications. *Id.* Accordingly, Appellants' complaints about the procedural aspects of the zoning board are without merit. *In re Application for Additional*

*Use of Property v. Allen Twp. Zoning Bd. of Appeals*, 6th Dist. Ottawa No. OT-12-008, 2013-Ohio-722, ¶ 15

**{¶37}** Based on the foregoing, we find Appellants' First Assignment of Error not well-taken. Appellant's First Assignment of Error is overruled.

II., III.

**{¶38}** Appellant's Second and Third Assignments of Error argue that the trial court erred in its consideration or lack of consideration of affidavits and other evidence in making its decision. We disagree.

**{¶39}** Based on our disposition of Assignment of Error I finding that the trial court lacked jurisdiction in this matter, we find Appellants Assignments of Error II and III moot.

**{¶40}** For the forgoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, J.,

Farmer, P.J., and

Hoffman, J., concur.

JWW/d 0405