[Cite as *Surber v. Hines*, 2024-Ohio-95.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

GEOFFREY SURBER

    Appellant

v.

JUSTIN HINES, ET AL.

    Appellees

:
:
:
:
:
:
:
:
:
:
:

C.A. No. 2023-CA-17

Trial Court Case No. 22-CV-00477

(Civil Appeal from Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on January 12, 2024

. . . . . . . . . . .

NICOLE L. POHLMAN, Attorney for Appellant

KATHLEEN F. RYAN, Attorney for Appellees

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Geoffrey Surber appeals from the trial court's entry of summary judgment against him on a claim for injunctive relief and statutory damages against the Greenville Township Board of Zoning Appeals (BZA).

{¶ 2} Surber contends genuine issues of material fact exist as to whether BZA members violated R.C. 121.22, which is known as the Open Meetings Act (OMA) or the

"Sunshine Law," by privately discussing his appeal from zoning-violation notices immediately before conducting a hearing.

{¶ 3} We conclude that the OMA did not apply because the BZA members' discussion was part of an exempt quasi-judicial proceeding. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} Surber filed a November 2022 two-count complaint against the Greenville Township Board of Trustees and its members, Greenville Township fiscal officer Susan Miles, and the Greenville Township BZA. The complaint alleged that Surber had erected three buildings on his property after obtaining zoning permits. The complaint further alleged that a Greenville Township zoning inspector issued him zoning-violation notices with respect to the buildings after their completion.

{¶ 5} According to the complaint, Surber appealed the violation notices to the BZA. The complaint alleged that Greenville Township had denied his public-record requests related to the issue. It further alleged that BZA members had met privately for an hour immediately before hearing his appeal on October 28, 2021 "to discuss the facts and circumstances surrounding Plaintiff's appeal and to make a decision concerning [his] property." The complaint alleged that BZA members subsequently paused the hearing before its completion and went into executive session "to discuss personnel." According to the complaint, BZA members departed and entered a private room.

{¶ 6} Count one of the complaint asserted four public-record violations by the Greenville Township Board of Trustees and fiscal officer Miles. Surber sought a writ of

mandamus to compel production of the records. He also requested damages and attorney's fees. Count two alleged that the Greenville Township BZA had violated the OMA by conducting a "pre-hearing" private meeting immediately before hearing his appeal on October 28, 2021 and by pausing the hearing to enter executive session. Surber requested injunctive relief, a determination that the BZA's denial of his appeal was "invalid" under the OMA, statutory damages of $500, and attorney's fees.

{¶ 7} In June 2023, the trial court dismissed Surber's mandamus claim as moot with regard to two of his four public-record requests, as those records eventually had been provided. The trial court noted, however, that the issue of damages resulting from the initial denial of the records remained unresolved. With regard to the other two public-record requests, the trial court found the Board of Trustees and fiscal officer Miles entitled to summary judgment. Finally, the trial court found the BZA entitled to summary judgment on the OMA claim in count two, reasoning:

> Viewing the evidence most strongly in Plaintiff's favor, this Court finds reasonable minds can only conclude the following: On October 28, 2021, the Greenville Township Zoning Board of Appeals was acting in a quasi-judicial capacity when it was considering and deciding upon Plaintiff's appeal of the zoning violation issued by Defendant, Scott Peele. This entire adjudicatory hearing process was not a "meeting" under Ohio's Open Meetings Act. Therefore, neither the meeting prior to the public hearing, nor the executive session, violated the OMA.

June 7, 2023, Decision, Order, and Entry at 18.

{¶ 8} Surber appealed from the trial court's ruling. Noting that the damages issue remained pending on his public-record claim, we issued a show-cause order questioning whether an appealable order existed. In response, Surber noted that he subsequently had dismissed count one and that the trial court had filed a dismissal entry. In a September 29, 2023 ruling, we deemed our show-cause order satisfied.

## II. Analysis

{¶ 9} In his sole assignment of error, Surber contends the trial court erred in finding that BZA members were acting in a quasi-judicial capacity when they met privately and discussed his case just before hearing his appeal. Surber concedes that public hearings of the BZA are quasi-judicial and that deliberations occurring after such hearings are not subject to the OMA. When the BZA members met before his hearing, however, he asserts that they had not yet performed any quasi-judicial function and had nothing to deliberate. He reasons that finding the pre-hearing meeting not subject to the OMA "would be akin to finding that a jury could meet and discuss a case in private prior to hearing any evidence on the record in a court of law."

{¶ 10} Under Civ.R. 56(C), summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997). Appellate review of summary judgment is de novo. *Gilliland v. Adams*, 2d Dist. Montgomery No. 29732, 2023-Ohio-3083, ¶ 24.

{¶ 11} Upon review, we see no error in the trial court's entry of summary judgment against Surber. An adjudicatory proceeding before a zoning appeals board is quasi-judicial, and the OMA does not apply to board members' deliberations in such a case. *Pennell v. Brown Twp.*, 5th Dist. Delaware No. 15 CAH 09 0074, 2016-Ohio-2652, ¶ 34-36. The quasi-judicial nature of such a proceeding arises from board members' exercise of discretion and the need to provide notice and a hearing. *TBC Westlake, Inc. v. Hamilton Cty. Bd. of Revision*, 81 Ohio St.3d 58, 61, 689 N.E.2d 32 (1998). Although the actual hearing may be open to the public, a board performing a quasi-judicial function "requires privacy to deliberate, i.e., to evaluate and resolve, the disputes." *Id.* at 62. "This privacy frees the [board] from the open pressure of the litigants as it contemplates the case. Privacy provides an opportunity for candid discussion between board members and staff on the legal issues and the facts[.]" *Id.* "For these reasons, the Sunshine Law does not apply to adjudications of disputes in quasi-judicial proceedings." *Id.* In fact, "because a quasi-judicial proceeding is not a meeting for purposes of R.C. 121.22, the Sunshine Law is inapplicable from the outset." *State ex rel. Ross v. Crawford Cty. Bd. of Elections*, 125 Ohio St. 3d 438, 2010-Ohio-2167, 928 N.E.2d 1082, ¶ 30.

{¶ 12} Surber does not dispute the foregoing authority. He contends it is inapplicable, however, because the Greenville Township BZA met privately before his hearing. Surber concedes that the OMA does not apply to board deliberations after a hearing. But where BZA members meet privately before a hearing, Surber reasons that no quasi-judicial act has occurred, that the members have nothing to deliberate, and that the OMA applies. As noted above, he analogizes to jurors improperly discussing a case

before hearing evidence.

{¶ 13} We find Surber's argument to be unpersuasive. In our view, the entire proceeding before the BZA was quasi-judicial in nature. Surber's appeal from the zoning-violation notices entitled him to a hearing where he could present evidence to the BZA, which exercised discretion in resolving the matter. Although the cases cited on appeal involve deliberations occurring after a hearing, none of them hold that pre-hearing deliberations in quasi-judicial proceedings are subject to the OMA. As set forth above, deliberating encompasses both evaluating and resolving disputes. *TBC Westlake* at 62. It involves "candid discussion between board members * * * on the legal issues and the facts[.]" *Id.*

{¶ 14} Contrary to Surber's argument, we see no legal impediment to the BZA members conducting private, preliminary, pre-hearing deliberations to evaluate his case and to discuss the issues in preparation for taking evidence. The entire proceeding before the BZA was quasi-judicial in nature, and "the Sunshine Law [was] inapplicable from the outset." *Ross* at ¶ 30. Although Surber's appellate brief does not specifically address the BZA's "executive session" during his hearing, the OMA would be equally inapplicable to those private deliberations for the same reason. *See*, *e.g.*, *In re Application for Additional Use of Prop. v. Allen Twp. Zoning Bd. of Appeals*, 6th Dist. Ottawa No. OT-12-008, 2013-Ohio-722, ¶ 15 ("With respect to the zoning board's recess into executive session to discuss the application, there is no Open Meeting Act violation. The action of a board of zoning appeals in reviewing an application for conditional use is a quasi-judicial function. * * * The Sunshine Laws do not apply to deliberations on such applications.")

**{¶ 15}** Surber's analogy to jury deliberations fails to persuade us otherwise. He suggests that allowing the BZA members to meet privately before hearing his appeal is akin to holding that jurors can discuss a case privately before hearing any evidence. Even if we presume that the two situations are analogous, premature jury deliberations are still deliberations. Similarly, even if the BZA members' pre-hearing deliberations were improper, they were still part of the quasi-judicial proceeding involving Surber's appeal from the zoning-violation notices. Assuming, arguendo, that the BZA members' pre-hearing deliberations violated procedural due process, Surber conceivably might have grounds to invalidate the board's decision through a direct appeal. But we see no OMA violation. *Compare Kaplin v. Lower Merion Twp.*, 19 A.3d 1209, 1215-1216 (Pa Commonwealth Ct. 2011) (finding written pre-hearing deliberations permissible and concluding that even if the communications were improper the remedy would be invalidation of the board's decision through an appeal, not compelled disclosure of the internal, pre-decisional communications).[1]

**{¶ 16}** Surber may be correct in asserting that due-process violations and OMA violations are not mutually exclusive. Construing the evidence and all reasonable inferences in his favor, however, we simply see no genuine issue of material fact as to whether the Greenville Township BZA violated the OMA. Consequently, the trial court correctly entered summary judgment against him.

---

[1] In *Kaplin*, the court rejected an "argument that Board members may not consider or discuss the evidence in, or merits of, a proceeding on a conditional use application prior to the close of hearings," while also concluding that "even if the law did support such a principle, this would not serve to transform deliberative, albeit impermissible under that interpretation, communications into non-deliberative communications." *Kaplin* at 1215.

{¶ 17} Based on the reasoning set forth above, Surber's assignment of error is overruled.

### III. Conclusion

{¶ 18} The judgment of the Darke County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.